Rickerson *vs.* Flowers.

----

FRANK RICKERSON, plaintiff in error, *vs.* C. H. FLOWERS, defendant in error.

Where a distress warrant was sued out for rent, and a counter-affidavit was filed denying that the defendant held the premises from the plaintiff, either by lease or rent, and also that he owed the plaintiff any rent, a verdict as follows : "We, the jury, find the issue for the plaintiff," was sufficiently certain, and covered the issue made by the pleadings.

Verdict.  Distress warrant.  Before Judge HILL.  Bibb Superior Court.  April Term, 1873.

For the facts of this case, see the decision.

E. H. HARMAN ; C. B. WOOTEN, by brief, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a distress warrant for rent under the provisions of the 4005th section of the Code.  The defendant filed a counter-affidavit denying that he held the premises from the plaintiff, either by lease or rent, and also denied that he owed the plaintiff any rent.  On the trial of the issue thus formed, the jury returned the following verdict: "We, the jury, find

the issue for the plaintiff." The defendant made a motion for a new trial on the ground that the verdict was void, as it did not cover the issue made by the pleadings, and because it was decidedly against the weight of the evidence, and without evidence or law to support it. The motion was overruled, and the defendant excepted. The distress warrant was taken out on the ground that the defendant had failed to pay the rent for the premises rented when the same became due. The issue made by the affidavit of the plaintiff and the counter-affidavit of defendant, was whether the defendant rented the premises from the plaintiff, and whether the rent claimed by him was due and defendant had failed to pay the same. The jury found that issue in favor of the plaintiff. Verdicts are to have a reasonable intendment, and are to have a reasonable construction, and are not to be avoided unless from necessity : Code, 3503. There was no error in refusing to set aside the verdict in this case, and there is sufficient evidence disclosed in the record to sustain it.

Let the judgment of the Court below be affirmed.