GILES, ordinary, for use, *vs.* SPINKS *et al.*

1. The jurisdiction of the county court of Houston county at its monthly sessions is for all claims up to $100.00, and if the plaintiff in his declaration declare for that sum only, the jurisdiction will be maintained, though damages beyond that amount be proven and found by the jury.

2. He can only recover as much as he declares for—no more; therefore the verdict for more is illegal, but the surplus may be written off and the verdict may stand for the sum found within the jurisdiction.

3. A verdict is certain which can be made certain; and where the damages to plaintiff on a constable's bond for failure to levy is found to be two principal sums with interest up to a certain time and from a certain time at different rates on each principal sum, so as to calculate exactly how much damage the jury found, the verdict is sufficiently certain to predicate a judgment thereon, and the judgment should not be arrested because of the alleged uncertainty of such a verdict and impossibility to enter up judgment thereon.

Jurisdiction. Verdict. Damages. Practice in the Superior Court. Before Judge SIMMONS. Houston Superior Court. November Adjourned Term, 1878.

This was a suit by the ordinary for use of Jaques & Johnson against Spinks, constable, and the sureties on his bond. The case was brought in the county court of Houston county; the breach alleged was the failure to realize the amount of two *fi. fas.* placed in his hands, bearing interest as stated in them; the damages were laid at $100.00. The county judge rendered judgment for plaintiff for the principal sum of $97.79, and defendants appealed. On the appeal the jury found the following verdict: "We, the jury, find for plaintiffs $43.77, with interest from the 14th of December, 1873, at one and one-half per cent. per month; also the sum of §43.77, with interest at two and one-half per cent. per month from the 24th day of December, 1873, against H. N. Spinks, H. C. Harris and W. R. Brown, Jr., executor."

Defendants moved in arrest of judgment on the following, among other grounds:

(1.) Because the case was beyond the jurisdiction of the county court.

(2.) Because the verdict should have been for a fixed amount of damages, and no legal judgment could be entered on it as found.

The court sustained the motion, and plaintiff excepted.

W. E. COLLIER, for plaintiff in error.

A. L. MILLER, for defendants.

JACKSON, Justice.

The plaintiff sued, on a constable's bond, the constable and his sureties for damage arising from failure to levy, laying his damage at one hundred dollars in the declaration. The suit was brought in the county court of Houston

county returnable to its monthly session. The jurisdiction at these sessions of that court is one hundred dollars. The case was taken by appeal to the superior court, where verdict was had for more than one hundred dollars, and the judgment was arrested.

1. It is the amount of damages laid in the declaration that fixes the jurisdiction, and not the verdict of the jury. *Tyler Cotton Press Company vs. Chevalier,* 56 *Ga.,* 494; *Lee vs. Nelms,* 57 *Ib.,* 256.

2. Therefore the jurisdiction is maintainable; and if the verdict be over the jurisdiction, and more than the plaintiff claims, it may be written down to the sum laid in the declaration. It cannot be for more. *Harris vs. Dub,* 57 *Ga.,* 77; *Ansley vs. Jordan,* 61 *Ib.,* 488, 208; 15 *Ib.,* 554; 20 *Ib.,* 91; 45 *Ib.,* 94, and many others.

3. A verdict is certain which can be made certain by what itself contains or by the record. This verdict finds that plaintiff was damaged two certain principal sums on two notes reduced to judgment and interest at a certain per cent. on each. Though the interest be at different rates per centum, the damage found can be ascertained by a simple calculation in multiplication and addition which any school-boy can make. Therefore the verdict is for a certain sum. All over one hundred dollars is wrong. Let it be reduced to $100.00 and stand for that sum as damages. with costs of suit; that is, costs in this case on the bond, and not costs in the actions on the notes. Code, §3561; 14 *Ga.,* 691; 57 *Ib.,* 304; 19 *Ib.,* 298; 24 *Ib.,* 591. Therefore the judgment on this verdict should not have been arrested.

Judgment reversed, with directions accordingly.