## HARVEY *vs.* HEAD.

[Speer, Justice, being disqualified in this case, Judge Underwood, of the Rome circuit, was appointed to preside in his stead.]

1. A verdict which is not explicit in its terms, but the intention of which is apparent from the pleadings and evidence, may be construed with reference thereto by the court.

(*a.*) The issue formed by an affidavit of illegality, on the ground (among others) that there was no verdict on which to base the judgment rendered, having been submitted to the court without a jury, the record of the case in which the judgment was rendered, including the material portion of the brief of evidence used on a motion for new trial therein, was admissible to show whence the court derived the construction put upon the verdict by him.

2. A security on a claim bond is sufficiently a party to the claim case to be bound by the verdict and judgment therein for damages and costs. If the judgment is brought to the supreme court and affirmed, he cannot afterwards go behind it by affidavit of illegality.

Verdict. Judgment. Parties. Claim. Evidence. *Res Adjudicata.* Principal and Surety. Before Judge LAWSON. Monroe Superior Court. August Term, 1880.

Reported in the decision.

STONE & TURNER; T. B. CABANISS; JNO. D. STEWART; JNO. I. HALL, for plaintiff in error.

A. D. HAMMOND, for defendant.

UNDERWOOD, Judge.

R. T. Harvey sued out an attachment against C. C. Wilson, and caused the same to be levied on a tract of land in Monroe county, containing 180 acres, and one-half interest in a house and lot in the town of Forsyth.  Judgment was obtained at the September term, 1876, of Monroe superior court, for the sum of three thousand eight hundred and eighty-five dollars and fifteen cents, principal and interest four thousand six hundred and forty-five dollars and seventy-five cents, and costs, against the property levied on.  Execution issued and was levied on the property attached, which was claimed by Josiah Freeman, trustee for Mrs. Sarah A. Freeman, who gave W. H. Head as security on the damage and cost bond.  The claim case was tried at August term, 1878, of Monroe superior court, and the following verdict was rendered:  "We, the jury, find the property subject, and twenty-six per cent damages."   At the same term of the court judgment was signed up by plaintiff's attorneys against the claimant and W. H. Head security, for the cost, and two hundred and sixty dollars damages, being twenty-six per cent on one thousand dollars, the judgment stating the value of the property, one thousand dollars.   The judgment thus signed was approved by his honor, Judge Grice, who tried the claim case.  The judgment declared the property subject to the execution, and that the value of the property levied on was one thousand dollars (the sum due on the judgment was more than eight thousand dollars), and in terms adjudged in favor of plaintiff in *fi. fa.*, two hundred and sixty dollars against claimant and W. H. Head, security, as damages.   Execution was duly issued on this judgment against claimant and Head, the security for the amount, and levied on the

property of Head, the security. Head filed an affidavit of illegality to the judgment and execution. There are many grounds of illegality which need not be stated, as the decision of the judge, who was selected by the parties to hear both law and facts, set out the ground held to be good, and overruled all other grounds as follows: "So much of the illegality as sets up that the judgment rendered at the August term, 1878, and the execution issued thereon are void, on the ground that there was no verdict to authorize such judgment and execution, is sustained, and the remaining grounds of the illegality are overruled."

This last mentioned decision was made September 4th, 1880. The judgment signed on the verdict in the claim case, and approved by Judge Grice, was at August term, 1878. The claim case of Harvey *vs.* Freeman, trustee, was carried by bill of exceptions to the supreme court, and there dismissed, affirming the judgment of the court below. Upon the trial of the illegality before Judge Lawson, in September, 1880, the plaintiff in *fi. fa.*, in order to show that the construction of the verdict rendered as aforesaid was involved in the case that went to the supreme court, and that objections to the verdict could then be made, offered in evidence the bill of exceptions which was filed to the judgment of the court in the claim case, and which was dismissed, as before stated, affirming the judgment of the court in 1878. The evidence thus offered was rejected by the court, which was error.

The plaintiff in *fi. fa.* offered in evidence the record of the evidence in the claim case, which resulted in the verdict, to-wit, the testimony of Ham, that the half-interest in the house and lot in Forsyth was worth from five to six hundred dollars, and the testimony of R. T. Harvey that "the land in the country levied on is worth from five to six hundred dollars." This evidence was also rejected. The court made the decision on the merits as stated, and plaintiff in error excepted to all this.

The rule, we think, is this: A verdict may be amended

by the court or construed by reference to the pleadings and the evidence in the record, and in some instances from the notes of the judge. We regard the judgment signed and approved by the judge at August term, 1878, as an amendment of the verdict, or at all events as a construction of the verdict. This was done at the same term of the court that the verdict was rendered. When the illegality case was on trial, counsel for plaintiff in *fi. fa.* offered in evidence the evidence in the record, the bill of exceptions, to show that the verdict which had been construed by the court was involved in that case, and the judgment and verdict with its construction by Judge Grice affirmed. It is contended that Head, the present defendant in error, was no party to that case. Why not? The pleadings in the case were the *fi. fa.*, the levy, the claim affidavit, and the bond for damages and costs, signed by Head as security, the issue formed by the claim, and the issue thereon. As to the question of damages, the statute of the state authorizing the jury to give damages in case it should appear to be made for delay only, supplied the place of pleadings.

The issues for the jury to pass on were two: Was the property subject or not subject to the *fi. fa.?* And if subject, was the claim interposed for delay only? Both issues were passed upon by the jury.

The evidence of Ham and Harney as to the value of the property had been heard by Judge Grice; the sound of the voices of the witnesses had scarcely died out when he acted, and was made a part of the record in the motion for new trial, which was refused, and bill of exceptions filed.

When the execution exceeds in amount the value of the property levied on, it is proper for the jury to assess the value. If they do not assess the value of the property at a less sum than the amount of the *fi. fa.*, what is the effect of the verdict? Does it mean twenty-six per cent. on the amount of the *fi. fa.?* If this is its effect, the amendment and construction of the verdict, by the judg-

ment, signed and approved by the court, was beneficial to the defendant, Head. There was no conflict of evidence as to value of the property. Ham said one parcel was worth $500.00 or $600.00. Harvey said the other parcel was worth the same. One thousand dollars was the lowest value proved. We think, therefore, that it was error to reject the evidence offered.

An examination of the cases, in reference to amendment and construction of verdicts, will show how strictly courts adhere to the rule, "when the intention of the jury is manifest, the court will set right matter of form." Hawkes *vs.* Crofton, 2 Burrows, 698.

Thus in Petrie *vs.* Harney, 3 Tenn. R., 659, the defendant had pleaded the general issue and the statute of limitation. There was a verdict for the plaintiff upon the first plea, but nothing said about the other. The court ordered the verdict to be amended, so as to make it applicable to both issues. In Clark *vs.* Lamb, 8 Pickering, 415, when the jury, in a general verdict, failed to pass upon an issue which applied to the same cause of action as the others, it was held that the verdict might be amended from the judge's notes.

From these and other cases we may extract this principle: that where the jury, in a general verdict, omit to pass upon some issues that do not invalidate the cause of action set forth, the verdict may be amended to conform to the evidence as given on the trial. The amendment is only made to conform to the manifest intention of the jury, which, not being expressly declared in the verdict, is ascertained from the record. Where no doubt exists, it would be an unnecessary obstruction to the administration of justice to refuse an amendment. Profatt on Jury Trial; Emerson *vs.* Bleckley, 2 Abb. Appeal Decisions, 22. Verdicts may be amended according to the evidence.

Verdict for $9.80.88, construed by the "affidavit, the declaration and the proof," (40 *Ga.*, 252) to mean $980.88. It would seem that if objection could be properly

v 68—18

made to the judgment signed and approved by the judge, in August, 1878, construing or amending the verdict, it should have been done by bill of exceptions to the action of the court. .

" If the court direct the judgment entry different from and unauthorized by the verdict rendered, the proper mode to present the point for revision is to except to the action of the court." Layman *vs.* Hendrix, 1 Ala. Rep., 212.

Judgment reversed.