## SEIFERT *et al. vs.* HOLT.

1. A rule of practice in the superior court agreed upon and adopted by the judge, requiring the docket to be called in its order, and the cases thus called which are ready for trial to be set down for hearing three days thereafter, is not illegal.

2. Where a distress warrant for $300 was issued and a counter-affidavit interposed, and these were returned to the court, the proceeding became a suit for rent, the distress warrant answering for the declaration and the counter-affidavit for the plea; and where, on the trial of the case, the defendant not appearing, the jury rendered the verdict, "We, the jury, find the warrant proceed," giving this verdict a reasonable intendment, and construing it with the allegations in the distress warrant, the intention was to find in favor of the plaintiff, and that the defendant was indebted to him $300 with interest; and such verdict was not so uncertain and indefinite that a judgment for that amount in favor of the plaintiff

against the defendant and sureties on his bond for the condemnation money might not be entered thereon.

3. Where parties have a case in court, it is their duty to attend and look after their interests. They cannot remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was set for trial.

July 8, 1889.

Distress warrant. Practice in superior court. Counter-affidavits. Pleadings. Verdict. Judgments. Diligence. Principal and surety. Before Judge BOYNTON. Monroe superior court. August term, 1888.

Reported in the decision.

LOFTON & MOORE, by brief, for plaintiffs in error.

BERNER & TURNER and HARRISON & PEEPLES, *contra.*

SIMMONS, Justice.

Holt sued out a distress warrant for $300 against Seifert. It was levied upon certain property of Seifert. He filed his counter-affidavit denying that any part of the sum claimed for rent was due, and averring that the contract upon which the rent was claimed was made and executed on the Sabbath day. He filed with the levying officer a bond for the condemnation money, with Freeman and Flanders Brothers as sureties thereon. At the August term, 1886, of said court, the plaintiff obtained the following verdict: "We, the jury, find the warrant proceed"; upon which verdict Holt entered judgment against Seifert and the sureties on his bond for $300, with interest. Execution was issued upon this judgment, which was levied upon certain property as the property of the defendants, and Flanders Brothers filed an affidavit of ille-

gality, which was returned to the court for trial. During the August term, 1886, of the court, Seifert moved to reinstate the case made by the distress warrant and the counter-affidavit, and vacate the judgment rendered in said case, because it was, under the rules of said court, set down three days in advance of trial, contrary to the laws of the State regulating the call of the docket in the superior court, and no notice being given to counsel for the defendant, who was a non-resident of the county, as to the case having been called for trial and set for a hearing. He also alleged that he had a good defence, to wit, that the contract upon which the rent claimed was predicated was made and entered into on the Sabbath day, thereby rendering the contract null and void. Freeman came in and was made a party to the motion, and asked to have the judgment vacated as to him, on the ground that he was not a surety and not bound by the judgment or by the bond, in this, that when he signed the bond and it was tendered to the sheriff, the sheriff refused it on the ground that Freeman would not make oath that he was worth the amount of the bond over and above the homestead exemption, whereupon he said to the sheriff that he would not be further liable on the bond. Flanders Brothers were also made parties and asked to have the judgment set aside as against them, for the reasons alleged by Seifert in his motion, and for the additional reason that they signed the bond believing Freeman to be a security on the bond, and on the further ground that in the absence of all the defendants, the plaintiff not having a jury to pass upon said issue, the proceeding was illegal and void, for the reason that said case came into said court as a suit for rent, and the only verdict which could be had was a money verdict finding a stated sum for the plaintiff;

also that the verdict was void for another reason, viz.
that it was too uncertain and vague to base a judgment
on, and that the judgment was void for the reason that
there was no verdict to authorize it, the verdict not
having found any sum of money for the plaintiff. The
affidavit of illegality of Flanders Brothers contained
the same grounds as the motion to set aside the judg-
ment.

The case was submitted to the court without the in-
tervention of a jury. The affidavit of illegality and
the motion to vacate the judgment were overruled and
refused, and the execution was ordered to proceed. The
defendants excepted to the judgment and assigned the
same as error.

The main points relied on by counsel for the plaintiff
in error in the argument of the case before us were: (1)
that the case was not called in its order in the superior
court, and the defendants being non-resident, and hav-
ing no notice of the time the case was set for trial, the
verdict should be set aside, in order to give them an
opportunity to make their defences before the jury.
The judge who tried the case certifies that the rule
agreed upon and adopted by him in the superior court
of Monroe county requires the docket to be called in its
order, and the cases thus called which are ready for trial
are set down for a hearing three days thereafter, and
that this case was called in its order and thus set for
trial. It appears that when the day for which it was
set arrived, the defendants and their counsel were not
present, and the trial proceeded and a verdict was had in
their absence. (2) The defendants also relied upon the
ground that the verdict was so uncertain and indefinite
that no proper judgment could be entered thereon.

1. The court did not err in refusing to set aside the
verdict on the first ground. It is no violation of the stat-

ute which requires cases to be called in their order, for the court to call them in this manner and set them down to be tried three days thereafter. Where there is much litigation in a court, it is a good rule to call the cases in their order on the docket and set them down for trial on certain specified days. It saves witnesses in cases from constant attendance on the court every day for weeks at a time, and it also gives notice to the parties when to appear and when to summon their witnesses. It gives counsel time for preparation of the case set for trial, so that they can instruct the court upon the law, and the jury upon the merits of the case. We see nothing in the practice to be condemned.

2. The next point is, was this verdict so uncertain as to render it void? It will be remembered that a distress warrant for $300 had been issued against Seifert, and that he had filed a counter-affidavit afterwards. When that affidavit was filed and returned to the court, the proceeding became a suit for rent, the distress warrant answering for the declaration and the counter-affidavit for the plea in the case. On these pleadings, and in the absence of the defendants, the jury returned the verdict above set out. The code, §3561, declares that "verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." In the case of *Rickerson vs. Flowers,* 50 *Ga.* 215, the jury in a similar proceeding to this, upon a distress warrant, returned the following verdict: "We, the jury, find the issue for the plaintif"; and this court held that the verdict was sufficiently certain and covered the issue made by the pleadings. In the case of *Williams, Birnie & Co. vs. Brown,* 57 *Ga.* 304, this court held that where a verdict might by reasonable construction be understood, and a legal judgment entered thereon, it is sufficient. In the case of *Giles*

*vs. Spinks,* 64 *Ga.* 205, JACKSON, J., says, "A verdict is certain which can be made certain by what itself contains or by the record." In the case of *Harvey vs. Head,* 68 *Ga.* 247, it is held that a verdict which is not explicit in its terms, but the intent of which is apparent from the pleadings and the evidence, must be construed with reference thereto by the court. Applying these rules to this verdict, and construing it with the pleadings, we think it is sufficient upon which to enter a judgment. The distress warrant in the case, which as we have seen was converted into the declaration, alleged that Seifert was indebted to Holt $300. The jury found that it proceed.

Giving the verdict a reasonable intendment, and construing it with the allegations in the distress warrant, we think the clear intention of the jury was to find in favor of the plaintiff, and to find that Seifert was indebted to Holt $300 with interest. And as we have seen, if we can arrive at the meaning of the jury by construing the verdict and the pleadings, the verdict is sufficient, and will be allowed to stand. We therefore think the court did not err in refusing to set aside the judgment on this ground.

3. If the trial was properly had and the verdict is right, then the affidavit of illegality of Flanders Brothers and Freeman's motion must fall. When parties have a case in court, it is their duty to attend the court and look after their interests. They cannot remain away without sufficient cause and have the verdict set aside because they were not present to insist upon their defence. This case seems to have been called on Wednesday and set for trial on Saturday. If they had been diligent, they certainly could have ascertained when their case was set for trial. Doubtless the place where the defendants resided and the place where the court

was held were connected by railroad and telegraph, and they could easily have ascertained, by the exercise of the least diligence, the time for which their case was set.   These remarks will also apply to the grounds in Seifert's motion to set aside the judgment.

Upon a review of the whole case, we see no error committed by the trial court which would authorize us to reverse this judgment.

. Judgment affirmed.