## DAVID *v.* TUCKER, administrator.

1. Where one died leaving a wife and children in possession of certain land to which he had title, and subsequently the grantee in a deed executed by the husband before his death, and purporting to convey title to such grantee, evicted the widow, and after such eviction she filed a petition to have this deed canceled on the ground that it was not an absolute conveyance of property but merely a security deed or a mortgage to secure a debt, asserting in the petition that the grantee in the deed held the lands "in trust for the grantor," and a verdict was rendered in favor of the widow, finding that she be restored to possession, and that the deed be canceled, such verdict, construed, as it must be, in the light of the pleadings and undisputed facts and the decree upon the same (which is not broader than the verdict), has the effect merely of annulling the deed and restoring the widow to such possession as she had before her eviction; and the verdict does not have the effect, nor does it purport to have the effect, of declaring or vesting title in the widow.

2. An exception to a charge on the ground that "it ignored the defendant's contention that defendant claimed the land in controversy under a gift by her father, who had a valid title thereto," is without merit where from the undisputed evidence it appears that the defendant's father never had title.

3. Inasmuch as the evidence for the plaintiff showed title in his intestate, as alleged in the petition, and the defendant relied upon her assertion that she had acquired a good prescriptive title, the court did not err in so charging the jury as to place upon the defendant the burden of establishing, by a preponderance of evidence, the prescriptive title asserted.

4. A verdict and decree which, properly construed, did not purport to find title in a party or to vest such party with the title, did not amount to color of title.

5. Under the evidence the defendant who set up prescriptive title by virtue of seven years' possession under color of title was not entitled to a charge on the subject of the effect of possession under color of title, and was not injured by the charge upon that subject, even though the same was not strictly accurate.

6. The court did not err in instructing the jury in substance that the defendant could not prevail upon the theory that she had title derived from her father, when in a former suit she had caused it to be judicially ascertained and declared that the father's title, based upon an invalid conveyance from her husband, was void.

7. "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession." Civil Code, § 3725. And the substitution of the expression, "actual notice" for "express notice," in charging this section to the jury, was not error.

8. The court properly refused to give a charge not authorized by the evidence.

9. Upon examination of the evidence objected to as irrelevant, it is apparent that, even if it was irrelevant, it could not have the effect of

harming or prejudicing the defendant's case before the jury; and consequently its admission is no ground for a new trial.

10. Where, during the argument of the case by the plaintiff's attorney, the defendant's counsel interposed the objection that the argument then being advanced was improper, and asked the court to disallow the same, and the court ruled upon the question in the following language: "If there is any legitimate evidence on which to base that as a legitimate conclusion, I will let that go in; whatever is in and not ruled out can be argued," a general exception assigning this ruling as error is without merit, in the absence of an allegation or showing, in the ground of the motion itself, that the argument was not authorized by any evidence in the record.

JULY 16, 1913.

Equitable petition. Before Judge Meadow. Hart superior court. February 26, 1912.

*A. G. & Julian McCurry* and *Dorough & Adams,* for plaintiff in error. *J. H. & A. S. Skelton,* contra.

BECK, J. J. H. Tucker, as administrator de bonis non of the estate of James David, applied to the court of ordinary of Hart county for leave to sell a certain tract of land. Authority was given by an order from the court, as prayed. Upon his proceeding to bring the land to sale a claim was filed by Mary David, she being in possession, and being the widow of James David, who died in the year 1862. The administrator brought a petition setting forth that the land in controversy belonged to the estate of his intestate, and that it was necessary for him to have possession of the same for sale for the payment of the debts of the estate and for distribution among the heirs. Mary David answered, alleging that the property was her own: first, because she had a prescriptive title resulting from twenty years adverse possession of the land; second, because she had prescriptive title resulting from possession under color of title for seven years; and third, because the property had been given to her by her father, William Ray. The verdict was for the plaintiff. The defendant filed a motion for a new trial; and this being overruled, she excepted.

It was established on the trial, by uncontroverted evidence, that the land in question was the property of James David at the time of his death, unless he had been divested of title by a certain deed which, it appears from certain parts of the record, he had executed in the year 1862 to William Ray, the father of the defendant, purporting to convey this property, though the deed itself was not introduced in evidence. The execution of a deed absolute in form,

16

which purported to convey the land involved, but which in fact did not have the effect of conveying it, appears from the record of a suit which was introduced in evidence by the defendant in this case. That suit was begun by a bill in equity brought in the year 1875, wherein Mary David alleged: that she was the widow of James David; that on the third day of May, 1862, her husband was in possession of and held title to the land in controversy; that James David, being about to leave home to join the Confederate States Army, and being indebted to William Ray some small amount, and reposing full confidence in him, executed a deed purporting to convey the land to Ray without any other consideration than the small amount so owing by David to Ray, with the understanding that the deed was a security deed merely; that soon after the execution of this deed she moved into the house of William Ray and became one of his family, where she remained until 1873, when Ray told her to go back to the old home place, known as the David place, without paying anything for it, which she did; that she did not know that Ray claimed the land absolutely, but believed that he only claimed a lien for the amount due him, until, the year before bringing her equitable petition, he demanded rent from her, and subsequently, in 1875, sued out a warrant and evicted her from the land. She prayed that Ray be required to account for the difference between the true value of the land at the time the deed was made and the amount due him with the interest thereon, or that he be required to turn over to her the land, and that the deed be declared null and void and be delivered up and canceled. By amendment she alleged that the agreement between James David and William Ray was that Ray was to hold the land in trust for David until the payment of the debt, and that Ray took possession of the land affected by said trust, and that there was no intention on David's part to make an absolute conveyance of the land to Ray. It does not appear that any demurrer to this bill was filed; but Ray filed his answer, denying that he had received the deed merely as a security deed for any amount of money due him, and insisting that the deed, as it purported to be, was an absolute deed conveying title to him in fee simple upon a sufficient consideration. Upon the trial of that case the jury returned the following verdict: "We, the jury, find and decree that the deed to the David place, copy of which is attached to bill as exhibit B,

be and is hereby declared null and void, and be delivered up to be canceled, and that defendant restore possession of said David place to complainant, and that said defendant pay to complainant the sum of two hundred dollars and the cost of this case." This verdict was made the decree of the court, and Ray was ordered to restore possession of the David place (the land in controversy) to Mary David.

1. The court properly instructed the jury in this case, that, in the suit brought to cancel the deed from the plaintiff's intestate to Ray, the effect of the decree was to leave the title to the property which that deed purported to convey where it was before the deed was executed; that is, in James David, or rather in his estate, as he had died leaving a wife and children. Nowhere in the bill brought by Mary David to have the deed from James David to Ray set aside and canceled does she assert title in herself, or make any allegation from which an inference could be drawn that she was asserting title in herself. She distinctly alleged that under that deed Ray held the "property in trust for said James David;" and while she did not mention the fact that she had children, she nowhere alleged that at the time of her eviction her possession was in her own right or under claim of title. Throughout that petition she treated the deed from James David to her father as a mere security deed or as a mere mortgage; she called it a mortgage in her petition. And a decree canceling that paper, as the court said in the charge, had no other effect than to leave the title to the property where it was before. While it restored her to the possession of the land, the possession thus restored was of the same character as it was before she was evicted and before the security deed was canceled; and there is no pretense that up to the time of the eviction her possession was in her own right. For, up to the time of her eviction, as she shows herself, she did not know that Ray was making such a claim of title to the property as would enable him to make any gift of it to her. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction." Civil Code, § 5927. And the entire pleadings and all undisputed facts proved upon the trial may be examined and considered in construing the verdict: *Mayor etc. of Macon* v. *Harris,* 75 *Ga.* 761.

2. Another ground of the motion for a new trial complains of

the following charge of the court: "She [the defendant] does not deny the fact, as I understand, that upon the death of the father of the children, and her husband, that in law the land in dispute vested in her and the children, share and share alike, unless she saw fit to claim a year's support or a dower, neither of which, they contend, has been applied for." This charge is excepted to on the ground that "it ignores the contention of the defendant, that her husband, David, conveyed said land to her father and received the full purchase-money therefor, and that defendant claimed said land through her father, W. C. Ray, who had a valid title thereto." Clearly the exception is without merit, inasmuch as, under the evidence introduced by the defendant in this case herself, W. C. Ray had never had title to the land; and if he had ever claimed title, it was under and by virtue of a deed which she had canceled on the ground stated in her petition therefor, as set forth above.

3. Inasmuch as the evidence for the plaintiff showed title in his intestate, as alleged in the petition, and the defendant relied upon her assertion that she had acquired a good prescriptive title, the court did not err in so charging the jury as to place upon the defendant the burden of establishing the prescriptive title asserted, by a preponderance of evidence.

4. The defendant's assertion of a good prescriptive title by virtue of seven years possession under color of title was based entirely upon her possession under the verdict and decree set forth in the opening paragraph of this opinion; and inasmuch as that decree does not purport to vest her with title or to find that she was vested with title, it did not amount to color of title. *Beverly v. Burke,* 9 *Ga.* 440 (54 Am. D. 351) ; *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294) ; *Hansen* v. *Owens,* 132 *Ga.* 648 (64 S. E. 800).

5. Inasmuch as the evidence failed entirely to show that the possession of the land in controversy by the defendant was under color of title, the instructions of the court in reference to the defendant's contention that she had a prescriptive title, based upon seven years possession under color of title, will not be examined critically to see if they are entirely accurate; for, having shown no color of title in herself, the defendant was not injured by a charge upon that subject, even though it was not in all respects accurate.

6. The court did not err in charging the jury in substance that the defendant could not set up a title in this case derived from a

gift by her father, William C. Ray. For, as against the defendant in this case, under the evidence introduced by her, it had been judicially ascertained and declared that Ray never had title to the land; and she will not now be permitted to assert that he once actually had title. It would be playing fast and loose, indeed, with all principles of equity to allow this defendant in one suit to set up her husband's title to defeat her father, and in such proceeding have the deed which he held from her husband declared void, and now, in order to defeat her husband's estate, have the court declare that the deed from him to her father was valid.

7. "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession." This is the language of the statute. Civil Code, § 3725. And the substitution of the expression "actual notice" for "express notice," in charging this code section, was not error. *Morgan* v. *Mitchell,* 104 *Ga.* 596 (30 S. E. 792).

8. The request to charge was neither adapted to nor authorized by the evidence, and it was not error to refuse and fail to charge the same.

9-10. The rulings in the ninth and tenth headnotes require no elaboration.        *Judgment affirmed.   All the Justices concur.*