## BURTCHAEL v. BYRD.

1. An owner of land executed a deed to one of his daughters, and took from her an instrument agreeing to pay $750 to another daughter after his death, and that he should have the use of the land during his life. The grantee made and delivered to her sister a note for the amount stated, and the grantor remained in possession. At a later date he executed a deed to the same land to another daughter. Subsequently he filed an equitable petition against the first grantee, seeking to cancel the deed on account of his mental unfitness to make it, and that he was induced to do so by the persuasion of the grantee. To this action the second grantee was not a party. The defendant denied the substantial allegations, and also set up that the plaintiff had executed a deed to the second grantee, and had conveyed any title which he had. On the trial the presiding judge intimated that the plaintiff could not maintain the action after having made the second deed. Thereupon the plaintiff dismissed the case, and retained possession until his death, the agreement for him to do so having been recorded the day before the trial. After his death the first grantee brought suit against the second grantee, to recover the property. *Held*, that the above-stated facts did not prevent the plaintiff in the present action from asserting that her title was superior to that of the second grantee, after the death of the common grantor.

2. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.

JANUARY 14, 1915.

Complaint for land. Before Judge Brand. Gwinnett superior court. January 7, 1914.

Mrs. Georgia Byrd brought suit against Mrs. Dora Burtchael, seeking to recover certain land. The defendant denied that the plaintiff had title, alleged that she herself had the title, and pleaded a prescriptive title. The plaintiff and the defendant were sisters. Each claimed under their father, G. W. Ambrose. The plaintiff claimed under a deed from her father, dated May 3, 1905, and recorded on the day after its execution. The defendant claimed under a deed from the same grantor, dated August 10 thereafter. On May 3 Mrs. Byrd, the grantee in the first deed, executed to her father an instrument which recited: that he had on that day made to her a deed to the lot where he then resided; that one condition thereof was that the grantee was to pay to another sister, Mrs. Vaughn, the sum of $750 thirty days after the father's death; that the grantee had executed a note to her sister for that sum, and to secure it had executed a mortgage on the place; and that the husband of the grantee was under a contract with the grantor to build a house for the use of Mrs. Burtchael. The instrument then

declared that it was agreed and so understood that Ambrose, the maker of the deed to Mrs. Byrd, should have the sole and undisturbed possession of said home place during his life, without rent; and that it was further agreed, that, should Ambrose die before the completion of the building referred to, Mrs. Burtchael should have the use of the home and lot, without rent, until the building was finished. This instrument was attested like a deed, and was recorded on September 12, 1907. The grantor executed a deed to certain other land to Mrs. Burtchael. After the execution of the deed to Mrs. Byrd, the grantor demanded its return, which was refused. He then executed a deed, covering the same land, to Mrs. Burtchael, dated August 10, 1905, and reciting a consideration of five dollars and love and affection. This lot, together with the other property conveyed to Mrs. Burtchael, included all the real estate of the grantor. It was agreed by Mrs. Burtchael that she would take care of her father, pay all obligations which might be or become due by him, and give him a decent burial at his death. On August 15, 1905, Ambrose filed his equitable petition against Mrs. Byrd, seeking to cancel the deed which he had made to her, on the ground that when it was made he was aged, had been enfeebled by sickness, was mentally unfit to transact business and dispose of his property, and was induced to make the deed by the persuasion of his daughter, who had great influence over him on account of the kindness and affection which she had exhibited toward him. The defendant denied these allegations, and alleged "that the plaintiff has made deeds to all his property, either shortly before or soon after filing said petition, in which he has made other conveyances of the said house and lot, the said eighty-acre tract hereinbefore referred to; and that she has reason to believe that all of said property was therein and thereby conveyed to Mrs. W. L. Burtchael, or to her and her husband." On the trial of that case, after the plaintiff had closed his testimony, a deed from him to Mrs. Burtchael, covering the land in dispute, was exhibited to the court; and the contention was made by the defendant that the plaintiff could not maintain the action. The court intimated that he would sustain the position. Thereupon the plaintiff dismissed his suit on September 13, 1907. On September 12 the agreement made by Mrs. Byrd to the then plaintiff as to his having a life use of the property was recorded.

In the present case the defendant moved the court to direct a verdict in her favor, which was refused, and she excepted pendente lite. The jury found in favor of the plaintiff the premises in dispute, and sixty dollars rent. The defendant moved for a new trial, which was refused, and she excepted.

*M. D. Irwin* and *Simmons & Simmons,* for plaintiff in error.

*O. A. Nix* and *I. L. Oakes,* contra.

LUMPKIN, J. (After stating the foregoing facts.) The plaintiff brought an action of complaint to recover land, and a verdict was rendered in her favor. The defendant, having failed to obtain a new trial, excepted.

1. After the father of these two sisters had executed a deed to one of them, the plaintiff in the present action, he filed an equitable proceeding to have it set aside because of alleged incapacity to transact business when he made it. In addition to denying the substantial allegations of such petition, the grantee set up in her answer, that, shortly before or soon after bringing the suit, the grantor had executed other deeds conveying this and other property to a sister of the first grantee, or to her and her husband (the sister being the present defendant). On the trial of that case the deed made to the sister of the defendant was brought in under subpoena duces tecum. On the trial of the equitable action, after the plaintiff had closed his evidence, the second deed made by him to his other daughter, the defendant in the present case, was exhibited to the court; and the contention was made that the plaintiff in the action, having conveyed away the title before bringing suit, could not maintain the proceeding to set aside the first deed made by him. The court intimated that he would sustain the position, and thereupon the plaintiff in the case dismissed the suit. The defendant in the instant case contends that the present plaintiff is estopped from now attacking the deed which was so used, and that she elected to defend that case by treating the conveyance as valid, and must abide such election. There are several reasons why these positions are unsound. The present defendant was not a party to the former case, but the plaintiff therein was a person who had already executed the deed to her. He did not await a ruling of the court, but on an intimation dismissed his case. By his first deed and the instrument executed to him by the grantee therein, he conveyed the fee to her, and she agreed that he should have the sole

and undisturbed possession for life, without payment of rent. This amounted to reserving a life-estate, or at least a use for life. If thereafter he made a conveyance of more than he had, it might be good as against him and yet inferior to his prior deed. There was no essential inconsistency in asserting that the plaintiff in that case had no right or title left in him authorizing him to bring the suit, and yet that his second conveyance was inferior to the first. If an owner of land makes two deeds to it, either may be good as to him, denuding him of any title, but this does not settle the question as to which is superior to the other. Nor could this properly have been determined in an action to which the grantee in the second deed was not a party, so as to be an adjudication as between the holders of the two deeds. If the agreement between the grantor and the first grantee be treated as creating or leaving in him a life-estate, his second deed might have conveyed that only, although it may have purported to be a conveyance of the fee. Civil Code (1910), § 3671. The common grantor, who was the plaintiff in the proceeding filed to cancel his first deed, did not offer to restore the status; indeed the agreement leaving a life use in him was recorded the day before the trial. The defendant in that case, who is the plaintiff in the present action, is not prevented from asserting the superiority of the conveyance to her over the later one to her sister, either under the doctrine of estoppel or that of the election of remedies. The case differs from that of *David* v. *Tucker*, 140 *Ga.* 240 (78 S. E. 909), and similar cases. There a widow filed an equitable proceeding to cancel a deed which had been executed by her husband, and obtained a decree, thus restoring the title to the status in which it was before the deed was made. Subsequently she sought to hold the property and repudiate the title which was asserted by the administrator of her husband.

2. The plaintiff in error further contends that the evidence demanded a finding that she had a prescriptive title. While the evidence was conflicting, there was some of it on behalf of the defendant in error which tended to show that the grantor in the original deed remained in possession until his death in March, 1913, controlling the property, sometimes renting out a part of it, and that the defendant lived with him as his daughter during a part of the time, that he returned the land for taxation and paid the taxes on it until and including 1909, and that it was returned

by the defendant only in 1910, 1912, and 1913. She also knew of the prior deed to her sister, though she testified that she did not think it was good, and thought she herself was obtaining a good title. This, with other evidence, was sufficient to authorize a finding that there was no adverse possession by the plaintiff in error of the necessary character and for a sufficient length of time to ripen into a prescriptive title.

The rulings above made substantially control the case. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*