9802. WEEKS v. RELIANCE FERTILIZER COMPANY.

BLOODWORTH, J. 1. "Where personal property is claimed by a third person, and the claim-affidavit and bond recite that it has been levied on, the claimant is estopped from saying the levy was not complete." *Cohen* v. *Broughton*, 54 *Ga.* 296. See *Scolly* v. *Butler*, 59 *Ga.* 849 (2); *Pearce* v. *Renfroe*, 68 *Ga.* 194 (5a); *Smith* v. *Camp*, 84 *Ga.* 117 (7) (10 S. E. 539): *Stroud* v. *Hancock*, 116 *Ga.* 336 (42 S. E. 496); *Oliver* v. *Warren*, 124 *Ga.* 551 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188), and cit. The principle announced in these decisions disposes of grounds 1½, 2, 3, 6, and 7 of the amendment to the motion for a new trial.

2. "A ruling of the court in sustaining or overruling a demurrer, and in allowing or disallowing an amendment to pleading, can not be made the ground of a motion for a new trial; but direct exceptions should be filed to such ruling, if a review of it is to be had." *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190). See *Leathers* v. *Leathers*, 132 *Ga.* 211 (2) (63 S. E. 1118); *Brown* v. *Wilkes*, 20 *Ga. App.* 92 (92 S. E. 553), and cases cited. This ruling disposes of grounds 4 and 5 of the amendment to the motion for a new trial.

3. "Where property has been levied on and a claim interposed, the claimant can not, for the purpose of protecting the property, show paramount title in a third person." *Rowland* v. *Gregg*, 122 *Ga.* 819 (1), 821 (50 S. E. 949), and cases cited. This proposition disposes of ground 10 of the amendment to the motion for a new trial.

4. "This court can not consider exceptions to the refusal of the trial judge to comply with written requests to charge, unless it is made to appear that they were tendered to the court before the jury retired to consider the case. *Shirley* v. *State*, 5 *Ga. App.* 611 (63 S. E. 583). In this case it is not disclosed that the written requests to charge were so tendered." *Seaboard Air-Line Railway* v. *Barrow*, 18 *Ga. App.* 261 (4) (89 S. E. 383); Civil Code (1910), § 6084; *Dickey* v. *Grice*, 110 *Ga.* 315 (2) (35 S. E. 291).

5. While there may be slight errors of statement, and some inaccuracies of expression, in the excerpts from the charge of the court of which complaint is made, they are not of such a character as would likely influence the jury in making a verdict. A new trial should not be granted on account of slight errors and inaccuracies of expression not calculated to mislead the jury.

7. None of the other alleged errors require the grant of a new trial.

*Judgment affirmed. Broyles, P. J., concurs. Stephens, J., not presiding.*

DECIDED DECEMBER 3, 1918.

Levy and claim; from Colquitt superior court—Judge Thomas. May 4, 1918.

*R. A. Hendricks, John A. Wilkes,* for plaintiff in error.

*James Humphreys, Ragan & Maire, Franklin & Langdale,* contra.