19499.   JONES *v.* EMPIRE FURNITURE COMPANY.

JENKINS, P. J.   1. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code, 1910, § 5927. A verdict, though not explicit in its terms, but the intent of which is apparent from the pleadings and the evidence, must be construed with reference thereto. *Giles* v. *Spinks,* 64 *Ga.* 205; *Harvey* v. *Head,* 68 *Ga.* 247; *Seifert* v. *Holt,* 82 *Ga.* 757, 762

(9 S. E. 843). Accordingly, where in a claim case it was made to appear that certain of the property levied upon, to which the claim was interposed, was described in a title-retention contract executed by the defendant in fi. fa. to the plaintiff in fi. fa., which was introduced in evidence, a verdict which found that "only the furniture listed in contract between Miss Lillian T. Jones and Empire Furniture Co., dated March 25, 1925, is subject to levy," was not void for uncertainty. Nor was the judgment thereon, which was expressed in similar language, uncertain, illegal, and void for the reason assigned, to wit, that "no legal judgment can be based on an illegal verdict, as movant insists is true of the verdict in this case."

2. "Where property has been levied on and a claim interposed, the claimant can not, for the purpose of protecting the property, show paramount title in a third person." *Rowland* v. *Gregg*, 122 *Ga.* 819, 821. (50 S. E. 949) ; *Weeks* v. *Reliance Fertilizer Co.*, 23 *Ga. App.* 128 (3) (97 S. E. 664). Accordingly, where the entry of a levying officer showed possession of the property levied upon in the defendant in fi. fa., and the testimony of the defendant in fi. fa., who had filed the claim on behalf of her brother as his attorney in fact, and who was the only witness offered for the claimant, was to the effect that she had purchased all the property levied upon and described in a title-retention contract executed by her to the plaintiff in fi. fa., but that her brother had furnished the money paid therefor, and had likewise furnished the money to pay for the other property levied upon; that the brother lived in Washington, D. C., and had lived there for several years; and that he "gave this furniture to his mother and father through the course of a good many years, several years;" that "he acquired title to it by buying it; he bought all of it and gave it to my mother and father," there was no evidence to support the claim as filed, since the only proof submitted by the claimant showed title in persons other than himself. Therefore, a verdict finding against the claim was demanded, and the verdict finding certain of the property subject can not be set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided November 14, 1929.

*D. K. Johnston,* for plaintiff in error.
*Kobak & Levy, J. W. Ward,* contra.