628

20617. NOTTINGHAM v. NICHOLSON.

JENKINS, P. J. 1. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code (1910), § 5927. A verdict, though not explicit in its terms, the intent of which is apparent from the pleadings and the evidence, must be construed with reference thereto. *Giles* v. *Spinks*, 64 *Ga.* 205; *Harvey* v. *Head*, 68 *Ga.* 247; *Seifert* v. *Holt*, 82 *Ga.* 757 (9 S. E. 843); *Tifton &c. Ry. Co.* v. *Butler*, 4 *Ga. App.* 191, 193 (60 S. E. 1087). In the instant case, which was a suit for an alleged balance of $1883.51 on an account for sawing lumber in 1926, the verdict, which was returned on August 28, 1928, was in the following words and figures: "We, the jury, find for plaintiff $475 Prin. and $49.87 Inst.," with some sort of straight mark leading downward and forward after the figure 4 in the amount allowed as principal, and a straight longitudinal line appearing under the figures 87 in the amount allowed as interest. In view of the pleadings, and especially in view of the amount allowed as interest, it can not be said that the court, construing the verdict "in the light of the pleadings, the issues made by the evidence, and the charge of the court," was unauthorized to hold that the verdict returned was for four hundred and seventy-five dollars principal, and forty-nine dollars and eighty-seven cents interest.

2. That the judgment entered up was signed by the trial judge, and not by the plaintiff or his attorney, does not constitute an unamendable defect appearing upon the face of the record, such as would authorize setting the judgment aside. Such a defect constituted a mere irregularity (*Pollard* v. *King*, 63 *Ga.* 224, 225), and could be cured by amendment as a matter of form. *Pollard* v. *King*, 62 *Ga.* 103, 106.

3. Under the foregoing rulings, the court did not err in overruling the motion to vacate and set aside the judgment.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 13, 1931.

*Homer Beeland, D. S. Beeland, John H. McGehee Jr.,* for plaintiff in error.

*James R. Davis,* contra.