## 21065. MERCHANTS GROCERY COMPANY *v.* ALBANY HARDWARE & MILL SUPPLY COMPANY.

STEPHENS, J. 1. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction" (Civil Code of 1910, § 5927), and are to be construed in the light of the pleadings and the issues made by the evidence. *Harvey* v. *Head*, 68 *Ga.* 247; *Seifert* v. *Holt*, 82 *Ga.* 757 (9 S. E. 843); *David* v. *Tucker*, 140 *Ga.* 240 (78 S. E. 909); *Tifton &c. Railway Co.* v. *Butler*, 4 *Ga. App.* 191 (60 S. E. 1087).

2. A declaration in attachment, being necessarily predicated upon the proceedings in attachment to which it makes reference, must be construed in connection with those proceedings, including the allegations in the affidavit for attachment. *King* v. *Thompson*, 59 *Ga.* 380.

3. Where an affidavit for attachment described the plaintiff as "Albany Hardware & Mill Supply Company" and alleged that the indebtedness was due that company, and the declaration filed thereon recited that it was brought by "Albany Mill Supply Company," but described the same debt, alleging it to be an indebtedness due the "Albany Hardware & Mill Supply Company," and the declaration was verified by affidavit in which the affiant averred that he was president of the "Albany Hardware & Mill Supply Company," a verdict rendered thereon which recited that it was for "the plaintiff" against the defendant by name, in the amount alleged in the affidavit for attachment as the indebtedness for which the attachment issued, upon which verdict a judgment signed by the presiding judge was entered in the name of "Albany Hardware & Mill Supply Company" as the plaintiff against the defendant in the amount found in the verdict, was a verdict in favor of the "Albany Hardware & Mill Supply Company" as the plaintiff.

4. A judgment entered against a garnishee on motion of a plaintiff in attachment, for the amount of the judgment which the plaintiff "may have obtained against the defendant in attachment," as provided in section 5097 of the Civil Code of 1910 where the garnishee has failed to appear and answer as required by law, is a judgment based on the verdict rendered in behalf of the plaintiff against the defendant in attachment; and where the judgment against the garnishee fails to conform to this verdict, it may, as provided in section 5697 of the Civil Code of 1910, be amended to conform therewith.

5. It is no ground of objection to an amendment to a judgment by which it is made to conform to the verdict that the amendment was made beyond the term at which the judgment was rendered. *Segers* v. *Williams*, 147 *Ga.* 146 (93 S. E. 81); *Rucker* v. *Williams*, 129 *Ga.* 828 (60 S. E. 155), and cit.; *Saffold* v. *Wade*, 56 *Ga.* 174.

6. It follows, therefore, that where the verdict against the defendant in attachment is in favor of the "Albany Hardware & Mill Supply Company" as the plaintiff, a judgment rendered thereon against the garnishee upon the garnishee's default in making answer to the summons of garnishment, which was entered in the name of "Albany Mill Supply Company," was, at a subsequent term of court, amendable on motion of the plaintiff, the "Albany Hardware & Mill Supply Company," by striking therefrom "Albany Mill Supply Company" as the plaintiff, and sub-

stituting therefor the "Albany Hardware & Mill Supply Company" as the plaintiff. *Latimer* v. *Sweat*, 125 *Ga.* 475 (54 S. E. 673); *Scarborough* v. *Merchants & Farmers Bank*, 131 *Ga.* 590 (62 S. E. 1040).

7. Since the defect in the judgment against the garnishee was a mere misnomer of the true plaintiff, and therefore a defect in a mere matter of form, which was amendable (Civil Code of 1910, § 5686), and since, as provided in section 5960 of the Civil Code of 1910, "a judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form," a motion to set aside the judgment, made by the garnishee, before the judgment was amended, upon the ground that the judgment, which was on its face a judgment in behalf of "Albany Mill Supply Company," as the plaintiff, was void, in that no attachment had been issued by the "Albany Mill Supply Company" against the defendant in attachment, and that no summons of garnishment had been issued against the garnishee by "Albany Mill Supply Company," and that the garnishee had never been served "with any summons of garnishment as recited in said judgment" (which necessarily means the case in which the "Albany Mill Supply Company" was the plaintiff), was, after the judgment had been amended as indicated, properly stricken.

8. There was no motion to set aside the judgment against the garnishee, whether it was a judgment against it in behalf of the "Albany Hardware & Mill Supply Company" as the plaintiff or in behalf of the "Albany Mill Supply Company" as the plaintiff, upon the ground that no summons of garnishment had been served upon the garnishee or that service of the summons of garnishment had not been perfected upon the garnishee, which was a corporation, by service upon an agent or officer of the corporation upon whom such service could be legally perfected.

9. The court did not err in overruling the motion to strike the plaintiff's petition to amend the judgment against the garnishee so as to make it conform to the verdict, and in afterwards allowing the amendment offered by the plaintiff. The court, after allowing this amendment, did not err in striking the defendant's motion to set aside the judgment.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided September 17, 1931. Rehearing denied October 1, 1931.

*Lowrey Stone,* for plaintiff in error. *A. H. Gray,* contra.

Jenkins, P. J., concurring specially, on denial of rehearing.

In the motion for rehearing counsel for the plaintiff in error plants his case squarely upon that ground of the motion to set aside the judgment against the garnishee wherein it is set forth that movant, Merchants Grocery Company, was never served with any summons of garnishment "as recited in said judgment," did not waive service thereof, and did not appear in said case, nor file any answer or other pleading therein. This might well be con-

strued as meaning merely that there had been no service of summons of garnishment in a case of "Albany Mill Supply Company v. Dabney," as the judgment as originally entered was erroneously captioned. But, however that might be, the truth of the return as actually entered by the levying officer is not denied. While denying in general terms that service had been made as recited in the judgment, movant does not affirmatively or even by indirection show that what was set forth in the return was false. The entry shows that service was perfected by serving a nåmed individual as the agent of the company; the entry does not itself indicate that the person thus served and thus named as agent was not the "agent in charge of the business" as required by the statute. Consequently, while the entry was not complete within itself, it does not actually show that there was a lack of service on the agent "in charge of the business." It has been held by the Supreme Court in *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (48 S. E. 25), which involved a motion to set aside a judgment on the ground that no service had been perfected, that if there had in fact been good service, but an irregular or incomplete return, the defect might be cured by an entry making the return conform to the fact, and thus save what was in reality a judgment based on a valid service; and that, "in such direct proceeding to set aside a judgment based on a defective return, the movant can not rely on the incompleteness of the return, *but must affirmatively show that the service actually made was not such as is required by the statute.*" (Italics mine.) In the instant case, while the motion does aver that the garnishee was never served with any summons of garnishment "as recited in said judgment" of default against the garnishee, it fails to put a finger on the "why" of such averment. It does not deny that the person named in the entry of service as agent was actually served, or affirmatively show that such person named as agent was not in fact the agent "in charge of the business" of the garnishee upon whom service might properly be made.