51807. JOLLY v. JOLLY.

SUBMITTED FEBRUARY 4, 1976 — DECIDED FEBRUARY 16, 1976.

*James L. Brooks,* for appellant.
*Gregory M. Perry,* for appellee.

DEEN, Presiding Judge.

The jury's verdict was for the return of "the boat." The judgment was for the boat, motor and trailer. Under Code § 110-301 the judgment shall conform to the verdict.

Under Code § 110-105 verdicts are to have a "reasonable construction." Thus the question for resolution is whether a verdict for "the boat" may be reasonably construed so as to result in a judgment for the boat, motor and trailer.

The first problem is whether such a construction may turn to elements outside the terms of the verdict or is limited to those terms. Where a verdict is plain and unmistakable in its legal effect, it must speak for itself, unaided by any consideration of pleadings and facts proved upon trial for construction thereof. *Ryner v. Duke,* 205 Ga. 280, 282 (53 SE2d 362). We note however that these cases deal with the construction of verdicts dealing with a defendant's liability and its resulting effect on jurisdiction. See *Turner v. Shackleford,* 39 Ga. App. 49 (1) (145 SE 913); *Evans v. Garrett,* 72 Ga. App. 846 (35 SE2d 387); *Henry v. Mann,* 134 Ga. App. 522 (215 SE2d 286). We deal here however with an action in trover, the gravamen of which is the return of property. And we see no reason why we should be limited to the words of the verdict in such a case, when the very issue at hand is what those words mean and not what the effect of those words is on jurisdiction. In this trover action we do not believe the term "boat" to be so explicit as to preclude a consideration of the pleadings and the evidence in construing the verdict. *Giles v. Spinks,* 64 Ga. 205; *Harvey v. Head,* 68 Ga. 247 (1); *Seifert v. Holt,* 82 Ga. 757 (9 SE 843); *Short v. Cofer,* 161 Ga. 587 (1) (131 SE 362); *Jones v. Empire Furniture Co.,* 40 Ga. App. 556 (1) (150 SE 563); *Merchants Groc. Co. v. Albany Hardware &c. Co.,* 44 Ga. App. 112 (160 SE 658); *Dunson v. Harris,* 45 Ga. App. 450 (2) (164 SE 910).

Thus we come to the conclusion that the pleadings and all undisputed facts proved on trial may be examined and considered in construing the verdict awarding the plaintiff "the boat." *David v. Tucker,* 140 Ga. 240, 243 (78 SE 909); *Carithers v. Carithers,* 202 Ga. 596 (2) (43 SE2d 503); *Sheldon v. Hargrose,* 213 Ga. 672 (2) (100 SE2d 898). The original complaint specified only a boat, designated by a hull number; subsequent to the judgment the plaintiff was allowed to amend his complaint to include the motor and the trailer. Under Code Ann. § 81A-115 (b) (CPA § 15 (b)) such post-judgment amendments are

proper if they conform the pleadings to the evidence. It also appears that notwithstanding the mandate of CPA § 15 (b) to amend the pleadings to conform to the evidence, if the verdict and judgment are supported by evidence received without objection they will stand even without amendment. *Howard v. Barrett,* 52 Ga. 15 (2). Thus all that is required to answer the question presented to us is an investigation of the transcript to determine what the evidence was with regard to "the boat." There was uncontroverted evidence that the plaintiff bought a boat of the description found in the complaint, with a 140 horsepower outboard motor attached, while living in Alabama. There was also evidence that the plaintiff used it in Alabama and that when he moved to Georgia he used his car to transport the boat into this state. It is true that the trailer was never specifically mentioned in the testimony, though the fact that the boat was transported by use of the car was brought out. The defendant suggests that the 16-foot boat was perhaps carried on top of the car; we rather believe that this testimony is circumstantial evidence which would support the construction of the verdict as including the boat, the motor and the trailer. *Ready-Mix Concrete Co. v. Rape,* 98 Ga. App. 503, 511 (106 SE2d 429).

Therefore we reach the conclusion that the evidence, admitted without objection, supports the judgment awarding the plaintiff the boat, motor and trailer. See *Ready-Mix Concrete Co. v. Rape,* supra. Also the evidence supports the amendment of the pleadings under CPA § 15 (b). Thus whether we look directly to the evidence or indirectly to the evidence through the amended pleadings, our conclusion is that the judgment of the court conforms to the verdict and that there was no error. The judgment as rendered by the court results in a "reasonable intendment" and a "reasonable construction" of the jury's verdict.

*Judgment affirmed. Quillian and Webb, JJ., concur.*