## MOORE *v.* BREWER & COMPANY.

1. Although, upon the trial of a traverse of the ground of an attachment, the burden of proof be on the plaintiff, yet, where he successfully carried the burden, a charge of the court that the burden was upon the defendant was harmless.

2. An attachment being amendable, the affidavit and bond may be looked to in aid of the writ itself, when it is wanting in certainty as to the person against whom it was intended the writ should issue. And where, with such aid, the identity of the person can be ascertained beyond all doubt, the attachment should not be dismissed because it merely describes the debtor as having in his possession the property to be seized, and does not designate him as a debtor or as the defendant in the proceeding.

3. The sheriff's return of levy does not negative the possession of the defendant in attachment by stating that the property was seized at a specified railroad depot.

4. A motion to rule out evidence, without stating upon what specific ground the motion was rested or what objection was made to the evidence, is not for review. A statement that the evidence was "illegal," without disclosing why it was illegal, is too general.

5. The evidence warranted the verdict, both as to the ground of the attachment and as to the main case.

6. Where the attachment suit and the traverse to the ground of attachment were tried together, and the verdict found for the plaintiff a specified sum for principal and another for interest, with costs, and against the traverse, the signature of the foreman following both findings but separated from the latter about one inch in space, and the two findings themselves being separated by a like space, the signature was sufficient to authenticate the whole verdict, nothing appearing which indicates or suggests that it was not meant to apply to the whole.

August 6, 1894.

Attachment.    Before Judge BROWN.    City court of Carroll county.    December term, 1893.

Attachment was issued in favor of H. Brewer & Co. against J. P. Moore, for the purchase money of a brick machine sold by plaintiffs to defendant. The affidavit for attachment alleges, that "said brick machine is at this

present time in the possession of said J. P. Moore," and
that "affiant makes this affidavit that an attachment
may issue against said No. 8 mold brick machine made
by said H. Brewer & Co., for said purchase money."
The attachment issued upon this affidavit commands
the levying officers "to attach and seize, for the purpose
of making $616 and interest, purchase money, and all
costs, one No. 8 brick mold machine manufactured by
H. Brewer & Co., of Tecumseh, Michigan, at present in
the possession of J. P. Moore," etc. The levy was made
upon the property so described, "at the old C., R. & C.
depot, as the property of the defendant J. P. Moore."
The defendant filed "a traverse of the ground of said
attachment," and for cause of traverse alleged, "that it
was not true that he was in possession of said machine
at the time of suing out said attachment, nor ever has
been." At the trial defendant's counsel (his client being
absent) moved to dismiss the attachment, on the grounds,
(1) that it was against the machine and not against the
defendant; (2) that it appeared by the sheriff's return
that the machine was not in the possession of the defend-
ant. Error is assigned on the overruling of this mo-
tion. Further error is assigned, in that the court charged
the jury that on the traverse, "the burden of proof is on
the defendant, and you will determine from the evidence
before you whether or not the traverse has been sus-
tained."

Plaintiffs introduced in evidence two promissory notes
executed by defendant under seal, dated October 5,
1892; one for $316, due January 1, 1893, the other for
$300, due July 1, 1893; both payable to the plaintiffs.
Also, a written order to plaintiffs, signed by defendant,
dated at Carrollton, Ga., March 5, 1892, for a brick ma-
chine of certain dimensions, with specified appurte-
nances, to be shipped to him at once by the route they
consider the best and cheapest; "for which I agree to

pay you the sum of $616, on board cars at Tecumseh, Mich., as follows: $308 cash, and to execute approved notes for $308 payable on the first day of November, 1892," etc.   An agent of plaintiffs testified: I took the notes October 5, 1892; they were signed in my presence, in settlement for the No. 8 machine, etc.   The trucks were no part of the consideration.   He refused to settle for them on the ground that he did not want them; and they being sold subject to his approval, I consented to take them back.   I do not know positively how long he had been in possession of said machine when I took said notes, but about six months.   He found no fault with the machine, but expressed a willingness to settle for it if I would give him time to raise the money; and to accommodate him I extended the time as stated in the notes.   He told me he had purchased another yard because there was not sufficient demand for two, and he was forced to buy the other yard; that this purchase had taken his ready money that he should have paid the plaintiffs with.   I understood from the railway agent and Mr. Moore that the trucks were stored with the machine in a warehouse belonging to the railway com-company.   Several months after the machine had been received, shipped and stored by Mr. Moore, the plaintiffs instructed me to go to Carrollton and secure a settlement from Mr. Moore.—To the last two statements defendant's counsel objected on the ground that they were illegal.   The court ruled out the testimony in reference to what the witness understood from the railway agent, but refused to rule out the last statement; on which ruling the defendant assigns error.

The jury returned the following verdict: " We, the jury, find for plaintiffs, prin. $616.00, int. $58.69, and cost of suit."   Below this was a space of an inch or more on the paper, and then: " We, the jury, find against the traverse."   Then followed a similar space,

and then appeared the signature of the foreman of the jury. Whereupon plaintiffs' counsel entered up general judgment for the principal, interest and cost, to be first levied on the brick machine. Defendant excepts, alleging that there was no legal verdict on which to base this judgment; the contention being that the foreman's signature applied only to the finding against the traverse, and that the finding of the sums sued for was not signed.

G. W. AUSTIN, by brief, for plaintiff in error.

S. HOLDERNESS, by brief, *contra*.

LUMPKIN, Justice.

When read in connection with the facts which are stated by the reporter, the head-notes will be sufficiently intelligible and distinct. The correctness of the propositions of law announced in them is manifest enough, we think, without elaboration or discussion. It required more labor to master the record in order to arrive at a clear understanding of the points involved, than was necessary to decide the case. In doing both we have given the case the proper attention, and do not think further notice or comment necessary.

*Judgment affirmed.*