## DISMUKE *v.* THE STATE.

1. A judge of the superior court may, in his discretion, transfer a misdemeanor case from the superior to the county court for trial, without regard to the court in which such case originated.
2. An order for such transfer, however, can not be granted in vacation.

Argued October 3, — Decided October 12, 1898.

Certiorari. Before Judge Littlejohn. Sumter superior court. June 14, 1898.

*Allen Fort, J. A. Ansley* and *J. F. Watson,* for plaintiff in error.    *F. A. Hooper, solicitor-general,* by *C. R. Crisp,* contra.

FISH, J.    A special presentment was returned by the grand jury of Sumter county charging J. H. Dismuke with the offense of keeping a lewd house.    This presentment was transferred by the judge of the superior courts of the Southwestern circuit to the county court of Sumter county for trial.    The accused filed special pleas in the county court, to the effect that it had no jurisdiction of the person, or subject-matter of the case, (1) because the presentment had been transferred after adjournment of the superior court and during vacation, and the judge of the superior court had no power to make the transfer during vacation; (2) because the case originated in the superior court and not in the county court, and the judge of the superior court had no authority to transfer such a case either in term or vacation; and for these reasons the case was still pending in the superior court.    These pleas, upon demurrer, were stricken by the county judge and error assigned in petition for certiorari. The certiorari was overruled and the petitioner excepted.    We will consider the points made in the pleas in the reverse order of presentation.

1. Can a misdemeanor case originating in the superior court be legally transferred to the county court for trial ?    We think the legislature clearly intended to confer upon the judges of the superior courts authority to transfer such cases.    As indicating this intention, the act of 1872 (Acts 1871-2, p. 298, § 22) provided that, all misdemeanors pending in the superior court of a county at the time of the establishment of a county court for that county should be transferred for trial to such county court. While this section of the act may have been void as an attempt to deprive the superior court of its constitutional jurisdiction of such cases, yet it shows that the General Assembly intended to make no distinction, as to the power of superior court judges to transfer misdemeanors, between cases originating in the superior court and those originating in the county court.    The act of 1879 (Acts 1878-9, p. 132) is "an act to define the jurisdiction, powers and proceedings of every county court," etc.    By the second paragraph of the first section of this act jurisdiction

is given "to try all offenses committed in the county for which the offender is not punishable capitally or by imprisonment in the penitentiary, which criminal jurisdiction shall be exercised as hereinafter set forth." As to how criminal cases shall be tried, section 8 provides that, "when a criminal case is first called for trial, the defendant shall be asked by the judge, whether he demands, as a condition to trial, indictment or presentment by a grand jury; and if he makes no such demand, the fact shall be entered of record; he shall then be asked whether he demands a trial by jury, and if he makes no such demand, that fact shall be recorded; and thereupon a written accusation shall be made out and proceedings shall be had thereon as in section 299 of the code of 1873." Section 9 provides that if the accused demands indictment or presentment he shall be bailed or committed. Section 11 says: "Such indictments or presentments, as may be transferred to the county court by the superior court, shall be tried therein in the manner herein set forth, except asking the defendant if he demands indictment or presentment." The act says nothing more about the transfer of indictments and presentments from superior to county courts. While section 11, just quoted, does not expressly confer upon judges of the superior courts authority to transfer misdemeanor cases from the superior to the county courts for trial, yet the existence of such power is clearly recognized, and the section makes no distinction between cases originating in the superior courts and those originating in the county courts. The language is certainly broad enough to cover both classes of cases. One of the great purposes of the establishment of county courts. was to relieve the superior courts of the trial of misdemeanor cases by providing a tribunal wherein such cases might be disposed of more promptly and with less expense to counties. If only such cases can be transfered to the county courts as originated therein, then the principal object for their establishment will be greatly impaired. The judges of the superior courts in circuits having county courts have construed the law as giving them authority to transfer, in their discretion, all misdemeanor cases pending in their courts to the county courts, without reference to the court in which such cases originated, and this has

been the practice for more than twenty years past. We think such practice clearly authorized under the law.

2. Judges of the superior courts have no authority in vacation to grant orders transferring misdemeanor cases pending in such courts to county courts. "Said judges cannot exercise any power out of term time, except the authority is expressly granted." Civil Code, § 4325. The solicitor-general contends that authority to transfer misdemeanor cases in vacation to county courts is granted by section 4323 of the Civil Code. We do not think so. That section, after conferring power upon the judges of the superior and city courts to hear and determine, in vacation, without any order passed in term, motions for new trials and certioraries, adds, " and all such other matters as they now can hear and determine in term time, and which are not referred to a jury." While the granting of an order transferring a misdemeanor case from the superior to the county court is a matter which is not referred to a jury, yet it is not a matter to be *heard* and *determined* in term or at any other time. The section does not expressly grant the power to transfer, and such authority can not otherwise exist. The judge of the county court erred therefore in sustaining the demurrer to the special plea that the case could not have been legally transferred in vacation, and the certiorari should have been sustained.

*Judgment reversed. All the Justices concurring.*