## GORDON *v.* THE STATE.

1. The benefit of a demand for trial duly made in a superior court is not lost by reason of the subsequent transfer of the indictment to a city court.
2. If, at a term when a demand for trial is operative, a trial be had which results in a verdict of guilty, and a new trial be granted at that term, the failure of the accused to then move for a discharge will not affect his rights under the demand. It will stand over to be complied with at the next term.

Submitted November 21, — Decided December 13, 1898.

Indictment for selling liquor. Before Judge Winn. City court of Gwinnett. October term, 1898.

*L. F. McDonald,* for plaintiff in error.
*F. F. Juhan, solicitor,* contra.

FISH, J. At the September term, 1897, of the superior court of Gwinnett county, Ben Gordon was indicted for a misdemeanor. During the March term, 1898, a demand for trial was duly made and entered upon the minutes, and the case was continued by the State. Subsequently, and during the same term, an order was granted transferring the indictment to the city court of Gwinnett for trial. At the June term, 1898, of the city court, that being the first term of such court after the transfer of the indictment, the accused was tried, convicted, and a new trial granted him. At the August term, 1898, of the city court, the accused announced ready for trial, but the State continued the case. Thereupon the accused moved for a discharge under the demand. There were juries impaneled and qualified to try him at this term. The motion was passed to be considered later in the term, but the court adjourned without disposing of it. At the next term, October term, 1898, when the case was called, the accused announced ready, and renewed his motion for a discharge, upon the ground that he had not been tried at the preceding August term. The motion was passed to be heard later in the term, and on October 14, during the term, after the State had continued the case and while there were juries impaneled and qualified to try the accused, he presented a written demand for a discharge, which was then refused by the court. Whereupon the accused excepted.

1. The act establishing the city court of Gwinnett (Acts 1895, p. 384, sec. xxix) provides that "The judge of the superior court may send down from the superior court of Gwinnett county all presentments and bills of indictment for misdemeanors to said city court for trial," &c. The indictment in this case, charging the accused with a misdemeanor, was pending in the superior court of Gwinnett county at the time he therein made and had entered upon its minutes his demand for trial. The order which was subsequently granted, at the same term the demand was made, transferring the indictment to the city court, carried the whole case, including the demand for trial, to the latter court, without affecting the rights of the accused under his demand. To hold that he could not insist upon a discharge in the city court, under a demand for trial duly made in the superior court prior to the order of transfer, would be to say that merely transferring his case from one court to another would deprive the accused of all benefit of the statute guaranteeing to him a speedy trial. He certainly could not move for a discharge in the superior court after the indictment had been transferred to the city court, because the case would no longer be pending in the former court, and if he could not insist upon such motion in the latter court, where the indictment was then pending, he would lose all rights under his demand. In *Hunley* v. *State*, 105 *Ga.*, Mr. Justice Little said: "To give effect to both sections of the Penal Code to which we have adverted, that is, that cases charging misdemeanors may be transferred from the superior court to the city court, and the provision securing to a defendant the right of a demand for trial, it must be held that the terms of the court to which the case has been transferred are to be regarded as the terms of the court covered by the statute, and that a demand for trial, in order to be effective, must be made to the court in which the case is pending at the time of the demand." And he further said that, "to render the demands available so as to operate as acquittals, under the provision of the statute, they would have to have been made in the city court" to which the cases he was then considering had been transferred from the superior court. If a demand for trial can be made in the city court under an indict-

·ment transferred from the superior court, there can be no reason why a demand made in the superior court, prior to the trans-·fer, may not be insisted upon in the city court to which the in-·dictment is transferred, and if a trial be not had in compliance with such demand, the accused be discharged.

2. It was contended by counsel for the State that the accused ·forfeited all benefit under the demand, by his failure to move for a discharge at the June term, 1898, of the city court, after the new trial was granted. Following the intimations of this ·court in *Silvey's* case, 84 *Ga.* 44, and *Brown's* case, 85 *Ga.* 713, we are of opinion that the omission of the accused to then make ·such motion did not result in the loss to him of his rights under · the demand, but that the demand stood over to be complied ·with at the next term. As will be seen from the statement of ·facts, the accused at the next term, after the case had been con-tinued by the State, moved for a discharge, but the motion was passed to be heard later during the term, and the court ad-·journed without rendering a judgment thereon. There is noth-ing in the record tending to show that the accused consented to the continuance of his motion for the term. At the succeeding ·October term, 1898, the accused again insisted upon a discharge, ·upon the grounds that he had not been tried at the preceding ·August term, and because he was not tried at the then October ·term. The discharge was refused by the court. We think this refusal was error. The accused was entitled to be "absolutely ·discharged and acquitted of the offense charged in the indict-· ment."      *Judgment reversed. All the Justices concurring.*