### 3470.   Cook *v.* The State.

Hill, C. J. 1. An indictment having been duly transferred by the superior court of the county having jurisdiction of it to the city court for trial, jurisdiction of the case was immediately vested in the city court, and the superior court had no further jurisdiction over the indictment. *Coleman* v. *State*, 94 *Ga.* 87 (21 S. E. 124).

2. The act of the General Assembly, approved August 15, 1910 (Acts 1910, p. 201), entitled "An act to abolish the city court of Newton, to provide for the disposition of business pending in said court, and for other purposes," having been held by the Supreme Court to be "nugatory and ineffectual" (*Cook* v. *State*, 137 *Ga.* 486, 73 S. E. 672), it follows that the city court of Newton retained jurisdiction of all criminal cases which the superior court of Baker county had duly transferred to it for trial, irrespective of the provisions of that act.

3. The indictment against the plaintiff in error having been duly transferred by the superior court of Baker county to the city court of Newton for trial, the former court lost jurisdiction of the case, and the latter court was vested with exclusive jurisdiction thereof. Under the provisions of the act of 1910, supra, which attempted to abolish the city court of Newton and to provide for the disposition of business pending in that court, the indictment was transferred back to the superior court of Baker county for trial. Since the act abolishing the city court of Newton was ineffectual for that purpose, as declared by the Supreme Court in the present case, the transfer of the indictment back to the

superior court under the provisions of that act was unauthorized, and did not confer upon the superior court jurisdiction of the case which it had previously fully relinquished to the city court; and, therefore, the superior court was without jurisdiction to try the case, and a plea in abatement filed in the superior court, challenging the jurisdiction of the court, should have been sustained and the case sent back by the superior court to the city court, for trial.

*Judgment reversed. Pottle, J., not presiding.*
DECIDED FEBRUARY 26, 1912.

Indictment for disturbing divine worship; from Baker superior court—Judge Frank Park. May 8, 1911.

*W. I. Geer,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.