14881.   McMILLAN *et al. v.* RODGERS.

STEPHENS, J.   1. Where a distress warrant and a common-law action for rent were both filed on the same day, and a plea in abatement setting up the pendency of the other suit was filed in each case by the defendant, and both cases were referred to an auditor with power to pass upon questions of law as well as of fact, and where the auditor ruled that both suits could not proceed simultaneously, that the plaintiff must elect, and where the plaintiff thereupon elected to proceed upon the distress warrant, the plaintiff cannot afterwards be heard to except on the ground that the finding of the auditor sustaining the plea in abatement filed in the distress-warrant proceeding was error.

2. Where a tenant, in a suit against him by the landlord to recover rent, pleads that certain improvements made by him on the rented premises were accepted by the plaintiff in part payment of the rent, and where, upon the reference of the case to an auditor, the auditor finds against the tenant's plea and in favor of the plaintiff in a certain sum arrived at without crediting the defendant with the amount of the improvements, an exception to the auditor's report, filed by the defendant, in which the amount thus found is excepted to only upon the ground

that the finding of the auditor against the allowance of the improvements as a credit upon the rent due by the defendant was incorrect, presents only one issue for the jury,—that is whether the defendant is entitled to a credit for any improvements, and, if so, in what amount.

3. Where, in such a case, in answer to specific questions propounded, the jury found that the defendant was not indebted to the plaintiff the amount found by the auditor, but that the defendant was entitled to a credit in a definite amount for the improvements made by him upon the property, the amount found for the plaintiff by the auditor should therefore be credited with the amount thus found by the jury as due to the defendant as a credit for the improvements. This amount, being mathematically ascertained, must yield to a finding by the jury in answer to another question at the same time propounded, inquiring as to the total amount due by the defendant to the plaintiff. Verdicts will be construed in the light of the pleadings and the issues presented, and so as to give effect to the true intendment, and, to effect this purpose, matter which is clearly surplusage will be disregarded. Civil Code (1910), §§ 5927, 5928; *Geer* v. *Thompson*, 4 *Ga. App.* 756 (62 S. E. 500); *Monk-Sloan Supply Co.* v. *Quitman Oil Co.*, 10 *Ga. App.* 390 (73 S. E. 522).

4. Where the amount due the plaintiff as found by the auditor, who allowed no credit to the defendant for the improvements, was $5,192.19 principal, and interest, a finding by the jury upon the exceptions to the auditor's finding, that a credit of $2,103 be allowed the defendant for the improvements, will be construed as a finding in favor of the plaintiff in an amount equal to $5,192.19 found by the auditor, less the $2,103 and interest found by the jury as the amount which should be credited to the defendant. This is true notwithstanding a finding by the jury, in answer to a question propounded, that "the total amount due plaintiffs by defendant as principal and interest on account sued for [is] $1,950." Construing the entire verdict of the jury as represented by the answers to all the questions propounded, the finding in favor of the plaintiff in the sum of $1,950 must necessarily be an error in calculation, or must have been arrived at by a consideration of matters beyond the issues submitted upon the exception to the auditor's report.

5. Construing the exceptions to the auditor's report filed by the defendant, copies of the substantial parts of which are hereto attached, as being exceptions only to the report of the auditor finding against a credit to the defendant for the improvements made by him upon the rented premises, and construing the answers of the jury to the specific questions propounded, copies of which are hereto attached, the decree entered upon the verdict in favor of the plaintiff, only in the sum of $1,950, is not founded upon the verdict, properly construed, and must be set aside, and a decree entered finding for the plaintiff in accordance with the rulings here made.

Judgment reversed. *Jenkins, P. J., and Bell, J., concur.*

Decided September 19, 1924.

Distraint, etc.; from Lincoln superior court—Judge Shurley. June 25, 1923.

Exceptions of fact to the auditor's report:

"Defendant excepts, as a matter of fact, to the finding of fact stated . . in the report of the auditor . . as follows: 'I find against the defendant's plea of recoupment or set-off of the value of any improvements made by him on the place during the tenancy except those which the contract stipulated.' The suit in this case, as determined by the auditor's report, is a proceeding upon a distress warrant for rent, to which the defendant filed his counter-affidavit, in which he set up the improvements referred to in the above-quoted finding of facts as a recoupment or set-off to plaintiff's claim for rent. The proof shows that the said improvements were consented to by plaintiffs and agreed to be paid for by them, and that a settlement was made with plaintiffs, in which they gave defendant credit for said improvements.

"Defendant excepts, as a matter of fact, to that portion of the auditor's report contained in the 6th paragraph of the finding of fact in said report and appearing on page 5 of said report and stated as follows: 'I find that after calculating the value of the cotton due each year on November 15th of each year, and after deducting therefrom the payments disclosed by the evidence and shown by my previous report, that the defendant owed the plaintiffs in the aggregate, on September 15th, 1922, the principal sum of $5,192.19, and that on said date, September 15th, 1922, the defendant owed the plaintiffs as interest the sum of $897.22. These amounts,—that is the $5,192.19, as principal, and the $897.22, as interest,—are arrived at by the calculations made and set out in my original report on pages 9 to 12 inclusive, which calculations are herein referred to and made a part of this report. I therefore find for the plaintiffs against defendant $5,192.19 principal and $897.22 interest up to September 15th, 1922.'

"Said findings seek to incorporate as a part thereof a portion of a previous report of the auditor in said case, which was referred to said auditor on the grounds hereinbefore set out in these exceptions, which defendant contends cannot be done.

"The finding of the auditor excepted to in this paragraph doubtless undertakes to state the amounts of principal and interest which the auditor finds to be due by defendant to plaintiffs as rent for

the years 1915, 1916, 1917, 1918, 1919, 1920, and this finding, as shown by the finding excepted to in paragraph one of the exceptions to the findings of fact, being the paragraph immediately preceding this, does not take into account any credit for improvements whatsoever, but simply takes into account the amount of cotton due under the contract and the amount of cotton paid thereon without allowing any credit whatever for improvements. Defendant contends that this finding of the amount due as principal and interest is erroneous, for, as shown by the testimony set out and referred to in the preceding paragraph of these exceptions, he should be and was credited by plaintiffs for the improvements referred to, and that he owes plaintiffs nothing either as principal or interest except for the year 1921, as stated in his plea, a settlement in full having been made with plaintiffs for the years previous to 1921, as shown by the testimony hereinbefore set out and referred to."

The questions propounded to the jury and their answers are:

"(1)   Is defendant entitled to any credit for improvements placed or erected on the premises rented?  Yes.

"(2)   Is the defendant due plaintiffs the amount found by the auditor?  No.

"(3)   If not, what amount is due defendant for improvements on the premises?  $2,103.00.

"(4)   If so, what is total amount due plaintiffs by defendant as principal and interest on account sued on?  $1,950.00."

*Colley & Colley, Homer Legg,* for plaintiffs.

*Burnside & McWhorter, M. L. Felts,* for defendant.