22685. SWAIN *v.* GEORGIA POWER & LIGHT COMPANY.

SUTTON, J. 1. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code (1910), § 5927. The presumptions are in favor of the validity of the verdict of a jury, and if possible a construction will be given that will uphold it. *Southern R. Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244); *David* v. *Marbut-Williams Lumber Co.,* 32 *Ga. App.* 157, 159 (122 S. E. 906); *Atlantic & Birmingham Ry. Co.* v. *Brown,* 129 *Ga.* 622 (59 S. E. 278). A verdict is certain which can be made certain by what it contains itself or by the record. *Giles* v. *Spinks,* 64 *Ga.* 205,

206; *Rouse* v. *Chance*, 27 *Ga. App.* 256 (108 S. E. 65). Where a verdict may, by a reasonable construction, be understood, and a legal judgment entered thereon, it is sufficient, under the above section of the code. *Peninsular Naval Stores Co.* v. *State*, 20 *Ga. App.* 501 (93 S. E. 159). Verdicts are to be construed in the light of the pleadings, the issues made by the evidence, and the charge of the court. *Tifton &c. R. Co.* v. *Butler*, 4 *Ga. App.* 191 (60 S. E. 1087); *Harvey* v. *Head*, 68 *Ga.* 247; *Seifert* v. *Holt*, 82 *Ga.* 757, 762 (9 S. E. 843); *McMillan* v. *Rodgers*, 32 *Ga. App.* 647 (124 S. E. 354). In the case of *Moore* v. *Brewer*, 94 *Ga.* 260 (6) (21 S. E. 460), it was held that a verdict, divided into two parts and separated by only a small space of about one inch, as in the instant case, was legal.

(*b*) The verdict in this case, divided in substantially the manner in which the court instructed the jury to return it, is easily understood when construed in connection with the evidence in the case and the charge of the court, and a proper judgment was entered thereon. In these circumstances the verdict was not void for any of the reasons urged, and the court properly overruled the motion in arrest of judgment.

2. The evidence in this case showing that a portion of the premises involved had been previously conveyed by the condemnee for the purpose of inundation only, and that he had been compensated therefor, it was not error to permit counsel for the condemnor to ask the condemnee on cross-examination, if, in arriving at the value at which he placed his land in the present case, he took into consideration the fact that the condemnor was already in possession of a portion thereof for the purpose of inundation.

3. The condemnor having condemned the entire tract of land for deforestation purposes, it was not error for the court to refuse to permit the condemnee to testify that he had asked the condemnor to let him have the timber on the premises condemned, that certain employees of the condemnor had agreed that he could have it, that the arbitration was on this basis, and that the condemnor had refused to let him have the timber, but had sold the same for cross-ties. This evidence was not admissible for the purpose of showing the value of the timber.

4. The court permitted a witness for the condemnee, on cross-examination, to testify that he did not know much about the timber, that he had not cruised it, that he had seen it, that he would not give $25 for the pine timber, and that he did not know the value of the cypress timber. While this evidence was of very little probative value, its admission was harmless to the condemnee, the jury having found the value of the timber to be greatly in excess of the value placed thereon by this witness.

5. The arbitrators, having examined the land and the timber, could properly give in evidence their opinion as to the value thereof. This evidence was not objectionable because the award in the case, showing the finding of the arbitrators as to the value of the premises and timber, was in the record and a part of the pleadings. The arbitrators could properly testify that in arriving at the estimate as to the value of the premises and the timber for the purpose of the condemnation proceedings, they considered the fact that a part of the premises had already been taken for inundation purposes and the condemnee had been compensated therefor.

6. In determining the amount that the condemnee was entitled to recover of the condemnor for the value of the timber on the 113-acre tract of land, it was proper for the court to allow in evidence a check for $250, which the condemnee had been paid for the dead timber thereon after the same had been flooded by the power company.

7. The two suits filed by the condemnee in 1926 against the condemnor for damages for impounding the water on the land now in controversy and deadening the timber thereon, and for damages for cutting and selling timber therefrom, were admissible in evidence, the evidence of the condemnee showing that the condemnor had settled them and paid damages to the condemnee, for the purpose of arriving at the present value of the timber on the premises. The jury could properly take into consideration the compensation received by the condemnee for the right to overflow this land and for the timber cut therefrom in fixing the present value of the timber thereon.

8. It was not error to permit the health officer of Decatur county to testify that back water with logs and brush floating in it was conducive to the breeding of mosquitoes. This evidence was admissible to show that the condemnor did not wantonly destroy the timber by removing it from the water. Moreover, the admission of this evidence was harmless and in no way affected the verdict rendered.

9. It was not error for the court to permit counsel for the condemnor to ask the condemnee, on cross-examination, if he did not receive $1,500 from the condemnor for damages to the 113.88 acres and for damages for deadening the timber caused by the flooding thereof, the evidence showing that this tract of land had been previously acquired for the purpose of inundation.

10. The lease between the condemnee and the Bainbridge Power Company, of 1922, wherein the former leased to the latter, for the purpose of flooding, the 113 acres involved in this case, for a stated sum, was admissible in evidence to show that the right to flood this tract had passed out of the condemnee prior to the present proceedings, but that the title to the timber was retained by the condemnee, as the condemnor was seeking in the present action to condemn the right to cut the timber from this tract.

11. It was not error for the court to charge the jury that in arriving at the damages to be awarded the condemnee they could consider, in determining the value of the timber on the 113 acres, the fact that the condemnor had previously acquired the right to inundate the same, and the condemnee had been compensated therefor; and to further charge the jury that they should bring in a verdict in two parts, the first showing the value of the timber on the 113 acres and the second showing the value of the 22-acre tract as to the timber and for inundation purposes.

12. The court properly charged the jury that the condemnee held the fee-simple title to the lands, subject to the easements granted. Such an instruction did not tend to mislead and confuse the jury, and was applicable under the facts of this case.

13. There being evidence in the case that the value of the timber on the 113-acre tract and the value of the 22 acres were around $300, the verdict for $300 was not without evidence to support it. Under the facts

of this case, the value of the land condemned was a question for the jury, and their finding was supported by the evidence. *Horkan* v. *Benning*, 111 *Ga.* 126 (2) (36 S. E. 432) ; *Martin* v. *Martin*, 135 *Ga.* 162 (68 S. E. 1095) ; *McCarthy* v. *Lazarus*, 137 *Ga.* 282 (2) (73 S. E. 493) ; *Minchew* v. *Nahunta Lumber Co.*, 5 *Ga. App.* 154 (62 S. E. 716).

14. The verdict being supported by the evidence and not being contrary to law, and no error which requires the grant of a new trial appearing in the special grounds of the motion for new trial, the court properly overruled the motion for a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 3, 1933.

*P. D. Rich,* for plaintiff in error.   *A. B. Conger,* contra.