### 47537. HALES v. SANDERSVILLE BUILDERS SUPPLY COMPANY, INC.

EVANS, Judge. W. M. Hales sued Sandersville Builders Supply Co., Inc. for damages to a motor vehicle which arose out of a collision of plaintiff's automobile, being driven by his wife, and a truck owned by the defendant, being driven by one of its employees. The defendant answered, admitting the collision but denied any liability for the damages sustained. It also filed a counterclaim seeking damages aginst the plaintiff under the family purpose car doctrine. The jury, after hearing the evidence, returned a verdict as follows: "From the evidence presented we find equal negligence on the part of both parties, therefore, we conclude no verdict." Thereafter, the court rendered judgment "in favor of the defendant

and against the plaintiff on the main action, and in favor of the plaintiff and against the defendant on the defendant's counterclaim." He likewise taxed all costs against the plaintiff. The appeal is from that judgment. *Held:*

1. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105. The legal effect of the determination of equal negligence was not altered because the jury thereafter added the words, "we conclude no verdict." The true meaning and intent of the verdict was clear and the court did not err in disregarding the language "no verdict," which was clearly surplusage, since to all intents and purposes it returned the verdict as noted in the judgment herein. See *Thompson v. Turner,* 69 Ga. 219 (1); *McMillan v. Rodgers,* 32 Ga. App. 647 (124 SE 354); *Seifert v. Holt,* 82 Ga. 747 (9 SE 843); *Haughton v. Judsen,* 116 Ga. App. 308 (1) (157 SE2d 297) and cits. at p. 310. The judgment followed the verdict.

2. Even though the defendant failed to prevail on the counterclaim, the case was initiated by the plaintiff and the cost incurred was due to the filing of the complaint originally by the plaintiff. See *Code Ann.* § 81A-154 (d) (CPA § 54; Ga. L. 1966, pp. 609, 658). '

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED OCTOBER 2, 1972—DECIDED NOVEMBER 15, 1972.

*Casey Thigpen,* for appellant.
*Paul J. Jones, Jr.,* for appellee.