## 52797. K. G. W. v. STATE OF GEORGIA.

QUILLIAN, Presiding Judge.

This case is before us via approval of a petition for an interlocutory appeal by a defendant who contests jurisdiction over him by the Superior Court of Gordon County, Georgia. Defendant, who is 15 years old, was arrested in the State of Virginia on a warrant sworn out by the Sheriff of Gordon County in juvenile court. The petition, filed in juvenile court, alleged the defendant was "in a state of runaway. . . [and was] urgently needed due to the obtaining of information in connection with the shooting death of both of his parents. . ." As the Gordon County sheriff was returning defendant to this state, defendant made incriminating statements concerning the death of his parents and the sheriff swore out warrants charging him with their murder. A preliminary hearing was held and defendant was bound over for trial in superior court for the two murders.

On February 12, 1976, counsel for defendant made a motion in superior court to "Remand or Refer [this case] to Juvenile Court." In the concluding paragraph, defendant prayed "the case be referred or remanded to the juvenile court and that the juvenile judge of an adjoining county be appointed" to hear this matter because of the disqualification of the present juvenile judge who was the law partner of counsel for defendant. Defendant thereafter amended his petition to allege that "a warrant was issued in Juvenile Court charging defendant with delinquency. . . and for this reason, the Juvenile Court of Gordon County, Georgia, having first assumed jurisdiction in said matter, now has jurisdiction therein. . . [and] said case has never been transferred to the Superior Court as provided by Georgia Code Annotated 24A-2501."

The superior court issued an order on February 19, 1976, which "transferred [this case] to the Juvenile Court of Bartow County. . ." The following day, after the court was advised that the case could not be transferred to Bartow County, the court appointed the "Judge of the Juvenile Court of Bartow County. . . acting Judge of the Juvenile Court of Gordon County, Georgia, with full powers as such in connection with said matter . . . To

conduct a hearing in said case. . ."

The judge of the Juvenile Court of Bartow County followed the directions of the superior court and assumed the position of Acting Judge of the Juvenile Court of Gordon County. He held a hearing "to determine whether or not this matter should be transferred to the Superior Court of Gordon County or retained by the [Juvenile Court] of Gordon County." The hearing was continued on February 25, 1976, for psychiatric evaluation of defendant.

On April 23, 1976, the Special District Attorney filed a "Motion to Withdraw and Vacate Previous Orders" with the Gordon Superior Court. He alleged that the superior court "remanded these cases to the Juvenile Court" on the basis of assertions in defendant's brief that "the Juvenile Court had first taken jurisdiction. . . and the Superior Court did not have jurisdiction." Citing *Relyea v. State,* 236 Ga. 299 (223 SE2d 638), which had been issued in the interim, the state argued that as "this was the sole legal argument in [defendant's] brief" the court must have based its decision on the erroneous conclusion that juvenile court had jurisdiction because it first took jurisdiction. *Relyea* held that even though the juvenile court first takes jurisdiction, if the petition cites a different offense than that for which defendant was indicted, the superior court has the right to proceed on the offense for which defendant was indicted.

The state also directed the court's attention to Code Ann. § 24A-3701 (Ga. L. 1971, pp. 709, 754; 1974, pp. 1126, 1134), which provides that upon disqualification of a juvenile judge, *"any attorney at law resident in said county"* (emphasis supplied) may be appointed "judge pro tempore." The court recited in its order that it would take judicial notice of the fact that the acting judge of the Juvenile Court of Gordon County was a resident of Bartow County, and that "one or more material defects or irregularities appearing on the face of the record, the State's motion as amended to withdraw and vacate previous orders is hereby granted. . . it further appearing . . . the Superior Court of Gordon County, and not the Juvenile Court, first took jurisdiction over the above case." The court then ordered that this case be tried in the

superior court.

There are three principal issues presented by these facts. First, did the juvenile court first obtain jurisdiction over defendant for his conduct relative to the death of his parents? Second, if the superior court first obtained jurisdiction over defendant for the murder charges, did it transfer its jurisdiction to the juvenile court? Third, if the superior court transferred its jurisdiction to the juvenile court, may it subsequently "withdraw and vacate" its earlier order?

1. The basis of issuance for the juvenile warrant was that defendant was a "runaway." See Code Ann. § 24A-1301 (a) (5) (Ga. L. 1971, pp. 709, 722; 1976, pp. 1066, 1069). Nothing contained in the petition sufficiently alleges delinquency involving the offense of murder. See Code Ann. § 24A-401 (e) (Ga. L. 1971, pp. 709, 713; 1973, p. 579; 1973, pp. 882, 884; 1976, pp. 1064, 1065). *Relyea v. State,* 236 Ga. 299, supra, is dispositive of this issue. The superior court first obtained jurisdiction over defendant for the offense of murder by reason of the issuance of the murder warrants and the preliminary hearing which bound over the defendant for trial in superior court.

2. Counsel for defendant couched his motion to the superior court in the alternative. He requested "remand" or "referral" to the juvenile court. The state insists that it was a "remand" and that the superior court can withdraw its "remand" as it was based upon an erroneous conclusion by the court that the juvenile court first obtained jurisdiction.

Counsel have inundated us with law and civil citations on judgments, orders, amendment, withdrawal, and revocation of judgments after expiration of the term at which it was entered. We note that the order "to withdraw and vacate" the court's orders of February 19 and 20, 1976 were issued in a term subsequent to that in which the earlier orders were issued. However, we need not reach this question. This is a criminal case, not a civil case. Whether we were to assign the label of "remand" or "referral," there was a *"transfer" of jurisdiction* of the superior court over the defendant for the alleged murder offenses to the juvenile court. Examination of the order conclusively shows the superior court intended to transfer

this case for the purpose of the juvenile court exercising its jurisdiction under Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887), to "make a determination as to whether said case should be transferred to the Superior Court of Gordon County, Georgia, for trial on the charge of Murder, or whether the Juvenile Court of Gordon County, Georgia, desires to take jurisdiction of said case."

In its argument to the court, the state admitted that "the Juvenile Court has jurisdiction today." Further, in the superior court's order "to withdraw and vacate previous orders," they referred to its February 19 and 20, 1976, orders: "which orders transferred the above case to Juvenile Court, Gordon County, Georgia." Accordingly, as we found in Division 1 above, that the superior court first obtained jurisdiction over the defendant for the alleged murder offenses, we now find that the superior court transferred its jurisdiction to the juvenile court.

We recognize that the legislature has vested "the superior court and the juvenile court. . . [with] concurrent jurisdiction over juveniles charged with capital offenses, and whichever court first takes jurisdiction over the matter. . . may retain it. . ." *Relyea v. State,* 236 Ga. 299, 300, supra. We also recognize that the legislature has set forth the procedure for the juvenile court to transfer its jurisdiction over the juvenile to the superior court (Code Ann. § 24A-2501, supra), but not for transfer of jurisdiction from the superior court to the juvenile court.

In our use of the term, "its jurisdiction," we are aware that it is a term "of comprehensive and large import, having different meanings, dependent on the connection in which it is found." 50 CJS 1090, Jurisdiction. In this opinion, we use the term — "its jurisdiction," in the sense that it is the right of that court "to hear and determine" and the "right to proceed."

3. Can the superior court "withdraw and vacate [its] previous orders" which transferred jurisdiction over defendant to the juvenile court? We hold they can not. As we stated in Division 2 above, this is a criminal case, and a transfer of jurisdiction is not similar to a civil order or judgment of the court that may be set aside for any defect not amendable which appears on the face of the record or

pleadings. The state argued, and the superior court so held, that the designation of the judge of the Juvenile Court of Bartow County as the acting judge of the Juvenile Court of Gordon County was a defect in the order of February 20 as he was not a resident of Gordon County. The transfer of jurisdiction by the superior court was the valid part of that order, the designation of the judge was surplusage. Not only was it not required, the superior court was without authority to designate the judge pro tempore. Code Ann. § 24A-3701, provides: "In the event of the disqualification. . . of the judge of the juvenile court, *the judge of the juvenile court* may appoint any attorney at law resident in said county, to serve as judge pro tempore . . ." (Emphasis supplied.) Surplusage, even if error, should not void an otherwise valid judgment or order. Cf. *Hales v. Sandersville Builders &c. Co.,* 127 Ga. App. 558, 559 (1) (194 SE2d 281); *Adams v. Smith,* 129 Ga. App. 850, 853 (5) (201 SE2d 639).

We will not predicate our decision on this base alone. It is anachronistic, if not a contraposition, for the state to contend that the superior court transferred jurisdiction to the juvenile court, yet retained jurisdiction to revoke the order. Our Supreme Court has mentioned this problem in the abstract, as dictum, in *Hunley v. State,* 105 Ga. 636, 639 (31 SE 543): "If it be said that the orders were in fieri during the further session of the May term of the superior court, the reply is, that assuming that the superior court could have revoked the orders of transfer [during the term], it did not do so."

The controlling principle of law is clearly stated in *Towns v. State,* 28 Ga. App. 500 (111 SE 692): "When a judge of the superior court passes an order which is placed on the minutes of the court, transferring a case from that court to [another] court, the case becomes immediately and automatically, for all jurisdictional purposes, a case pending in the [other] court, and the superior court has no further jurisdiction over it." Accord, *Cook v. State,* 10 Ga. App. 580 (1) (73 SE 861); *Brock v. Slaton,* 18 Ga. App. 175 (1) (89 SE 156). Once the order is entered, a defendant "certainly could not move for a discharge in the superior court after the indictment had been transferred to the city court, because the case would no longer be pending in the

former court. . ." *Gordon v. State,* 106 Ga. 121, 122 (32 SE 32).

The parties should recognize that this issue can operate both ways. If the state contends that a superior court can revoke its transfer of jurisdiction after the juvenile court has acted thereon, then why should not the juvenile court have the same option of revoking its transfer of jurisdiction after the superior court had begun the trial of the defendant? The obvious answer is double jeopardy. Breed v. Jones, 421 U. S. 519 (95 SC 1779, 44 LE2d 346) (1975). In the instant case, double jeopardy is not an issue as the juvenile court was improperly constituted — thus it was without jurisdiction and jeopardy never attached.

The superior court effectively transferred its jurisdiction to the juvenile court, regardless of the reason cited, and "the only means by which the juvenile court can divest itself of jurisdiction" is under Code Ann. § 24A-2501. *J. W. A. v. State of Ga.,* 233 Ga. 683, 684 (212 SE2d 849). Our decision does not, as the state contends, "determine whether [K. G. W.] is tried in Juvenile Court or Superior Court for these crimes." We hold only that the superior court's original order should be carried out and the juvenile court should hold a hearing under Code Ann. § 24A-2501, and determine whether to retain or transfer jurisdiction over defendant.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 8, 1976 — REHEARING DENIED NOVEMBER 30, 1976 —

*Chance, Maddox & Jones, R. F. Chance,* for appellant.

*William Morgan Akin, Special District Attorney,* for appellee.