Bell, Chief Judge.
The defendant juvenile was arrested and accused of the murder of his parents. In accordance with a prior decision of this court (see K. G. W. v. State of Ga., 140 Ga. App. 571 (231 SE2d 421), the Juvenile Court of Gordon County conducted a transfer hearing under Code Ann. § 24A-2501 and ordered the case transferred to the Superior *252 Court of Gordon County for prosecution. Held:
1. At the commencement of the transfer hearing, defendant filed a written motion to disqualify and dismiss a "special prosecutor” from serving or attending the hearing in any capacity. The motion was denied. The juvenile court acting under the authority of Code § 24A-1801 (d) had earlier appointed a counsel to represent the state as it appeared that the district attorney was unable to assist. In addition to this appointed counsel who has been designated in the record as the "special district attorney,” another lawyer appeared at the hearing. The latter had been privately retained by the relatives of defendant and his deceased parents to assist the "State relative to investigation and prosecution of the homicide.” This attorney was designated as the "special prosecutor.” The "special district attorney” specifically requested that the special prosecutor be allowed to assist him in the conduct of the proceedings. As noted, § 24A-1801 (d) permits the appointment by the court of "legal counsel” to conduct the hearing and it does not limit the appointment to one attorney nor does it prohibit one who has been appointed from requesting additional counsel as an assistant. The court was authorized to also permit this attorney’s appearance under Code § 24A-1801(d). Defendant further argues that the "special prosecutor” was disqualified from participating in this hearing by reason of the fact of his representing these heirs in probate court with reference to the appointment of a temporary administrator of the estate of the deceased parents. This latter factor is not disqualifying. The court correctly denied the motion.
2. Code § 24A-2501 specifies the elements that must be shown in order to authorize the transfer of a juvenile case to the superior court for prosecution. It is contended that the state failed to establish two of the necessary elements, viz., that there were reasonable grounds that "... (ii) the child-is not amenable to treatment or rehabilitation through available facilities” and "(iv) the interests of the child and the community require that the child be placed under legal restraint and the transfer should be made.” The juvenile court’s findings of fact were based solely on the testimony of two witnesses called by *253 the state. One of these witnesses was a licensed psychologist. From this witness’ testimony the court found that the psychologist examined defendant at a youth development center on several occasions; that defendant had a difficult time adjusting to the youth development center; that defendant’s attitude was "turning sour”; that defendant had not progressed in the youth development center; that he was "angrier”; and that with proper supervision he could make some progress, but "there was no place in the juvenile court system for the defendant.” An additional finding based on a relative’s testimony was to the effect that defendant spoke of the death of his parents in a very matter-of-fact manner. It is on these findings that the court concluded that the essential requirements for transfer had been met. Where the evidence is sufficient, transfer of jurisdiction is a matter that rests within the sound discretion of the juvenile court. Code § 24A-2501. Based on the above findings which were authorized by the evidence we cannot hold that conclusions of law and the transfer were without evidence to support them and that the juvenile court abused its discretion in ordering the transfer.
Argued October 4, 1977
Decided November 17, 1977
Rehearing denied December 5, 1977
Wills, Catts & Ford, Austin E. Catts, Chance, Maddox & Jones, R. F. Chance, for appellant.
William Morgan Akin, Special District Attorney, Mitchell, Mitchell, Coppedge & Boyett, Erwin Mitchell, Thomas Joseph Campbell, for appellee.

Judgment affirmed.

McMurray and Smith, JJ., concur.