A07A1554. GREEN v. THE STATE.
(655 SE2d 615)

MIKELL, Judge.

Alvin Green appeals the Superior Court of Athens-Clarke County's denial of his motion for absolute discharge and acquittal. The court did not rule on the merits of the motion, concluding instead that

it did not have jurisdiction to rule on Green's motion because it had transferred the case to state court. On appeal, Green argues that the superior court's conclusion that it lacked jurisdiction was erroneous. We affirm.

The Superior Court of Athens-Clarke County has four annual terms of court, commencing on the second Monday of January, April, July, and October.[1] The undisputed facts show that on May 17, 2006, Green was indicted for the crimes of contributing to the delinquency of a minor and contributing to the unruliness of a minor. On October 5, 2006, during the July term of court, Green filed a demand for a speedy trial.

On November 29, 2006, a notice of trial was hand-delivered to Green's counsel, informing Green that he was required to be present for trial for the trial calendar that would run during the weeks of December 4 and 11. Also on November 29, 2006, the state moved to transfer the case to the State Court of Athens-Clarke County, stating that there were no associated felony charges; thus, the case would be most efficiently resolved in state court. The order was entered on November 29 effectuating said transfer. Green's counsel was copied on the order. Green filed an announcement of "ready for trial" on November 30, 2006. After the case did not proceed to trial during the October term of court, Green filed his motion for absolute discharge and acquittal in superior court on January 18, 2007, arguing that the state failed to bring him to trial within two terms of court. The superior court held a hearing on the motion on February 9, 2007, and entered its order on February 16, 2007, denying the motion on the grounds that it lacked jurisdiction to rule.

To clarify for purposes of this appeal, the superior court below did not rule upon the merits of Green's motion for discharge and acquittal, but ruled instead that it had no jurisdiction to rule on the merits because it had transferred the case to state court before Green's motion was filed. Thus, the issue on appeal is whether the superior court was authorized to transfer Green's case to the state court. We find that the court was authorized to transfer the case.

In *Dismuke v. State*,[2] our Supreme Court concluded that superior court judges were authorized to transfer misdemeanor cases from the superior court to the county court for trial.[3] Explaining its reasoning, the court stated that "[o]ne of the great purposes of the establishment of county courts was to relieve the superior courts of the trial of misdemeanor cases by providing a tribunal wherein such cases might

---

[1] OCGA § 15-6-3 (42) (A).

[2] 105 Ga. 589 (31 SE 561) (1898).

[3] See id. at 591 (1).

be disposed of more promptly and with less expense to counties."[4] We held in *Towns v. State*,[5] that "[w]hen a judge of the superior court passes an order which is placed on the minutes of the court, transferring a case from that court to a county court, the case becomes immediately and automatically, for all jurisdictional purposes, a case pending in the county court, and the superior court has no further jurisdiction over it."[6] In arriving at its conclusion that the transfer was authorized, the trial court cited several Georgia laws,[7] explaining the creation of the State Court of Athens-Clarke County. Pursuant to OCGA § 15-7-60, local laws creating state courts that are not in conflict with Chapter 7 of Title 15, which governs the state courts of counties, shall remain in full force and effect. The local laws cited by the trial court do not conflict with any of the provisions in Chapter 7.

Because both the Georgia laws and applicable case law support the conclusion that the transfer was authorized, we find no error in the trial court's denial of Green's motion for discharge and acquittal for lack of jurisdiction.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2007 —
RECONSIDERATION DENIED DECEMBER 13, 2007 — 

*William M. Overend*, for appellant.

*Kenneth W. Mauldin, District Attorney, Delvin & Robinson, C. Rebecca Smith*, for appellee.

---

[4] Id.

[5] 28 Ga. App. 500 (111 SE 692) (1922).

[6] (Citations omitted.) Id. See generally *K. G. W. v. State*, 140 Ga. App. 571, 575 (231 SE2d 421) (1976) (superior court was authorized to transfer jurisdiction to juvenile court, after which case was no longer pending in superior court).

[7] Ga. L. 1878-79, p. 297, Section XXX empowered judges in the Superior Court of Clarke County to transfer cases to the city courts. Pursuant to Ga. L. 1970, p. 680, Section 3, each city court was renamed "State Court of (whatever county in which the court is located) County."